United States Court of Appeals,
Fifth Circuit.

No. 91–1476.

TRINITY INDUSTRIES, INC., Plaintiff–Appellee,

v.

Lynn MARTIN, Secretary of Labor, et al., Defendants,

Lynn Martin, Secretary of Labor, Defendant–Appellant.

June 22, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before WILLIAMS, JOLLY, and HIGGINBOTHAM, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Lynn Martin, Secretary of Labor, appeals from the district court's entry of summary judgment in favor of Trinity Industries, Inc. (Trinity), in which it declared certain rights of Trinity in an OSHA investigation, including Trinity's right to be present during employee interviews. We find that the district court erred in finding that Trinity had standing to bring this action, vacate the district court's judgment, and dismiss the case for lack of subject matter jurisdiction.

I

On April 11, 1990, an industrial accident occurred at Trinity's Fort Worth, Texas plant, triggering an investigation by the Occupational Safety and Health Administration (OSHA). During the investigation, OSHA Inspector Gerald Forrester requested interviews with six employees who worked near the site of the accident.[1] All six employees are Hispanic and do not speak English. The employees agreed to the interviews but requested that Jose Vela, a bilingual supervisor at Trinity, act as interpreter. They also requested that Trinity plant manager Mike Rawlings be present at the interviews.

---

[1] The six employees involved are Pete Barrios, Roberto Carmona, Toribo Garcia, Armando Portales, Humberto Solano, and Jesus Zurita.

With Vela and Rawlings present, Forrester interviewed Portales, Solano, and Zurita and obtained signed statements. However, when the remaining three employees requested the presence of Vela and Rawlings, Forrester stopped the interviews. He tried to contact Barrios and Garcia by telephone at their homes, but they refused to speak to him outside the presence of Vela or Rawlings. On April 20, 1990, OSHA issued administrative subpoenas *ad testificandum* to the six Trinity employees. The subpoenas directed the employees to appear at OSHA's area office and give sworn statements before a court reporter.

The employees did not appear as required by the subpoenas. On May 1, Trinity and the six employees, who employed their own lawyer (paid for by Trinity), filed this action (declaratory action) seeking declaratory and injunctive relief that would prevent OSHA from enforcing the subpoenas.[2] The declaratory action was assigned to Judge Belew.

On May 10, the Secretary of Labor (Secretary)[3] filed a separate action to enforce the subpoenas (enforcement action). The enforcement action was assigned to Judge Mahon but transferred to Judge Belew. Judge Belew denied Trinity's motion to consolidate the two actions.

On August 7, in the enforcement action, Judge Belew granted the Secretary's motion for

[2]Trinity sought a declaratory judgment that "[e]mployers have legitimate and protectable interests in attending employee interviews when so requested by employees; and ... [w]hen employees request the presence of an employer representative during an interview, OSHA may not bar the employer representative from such interview." It also sought "a preliminary injunction be issued enjoining any further action or proceedings by the defendants to enforce the administrative subpoenas issued to employee-plaintiffs pending final adjudication of the issues raised in the complaint...." and a permanent injunction enjoining defendants from (1) attempting to compel employee interviews until formal rulemaking procedures are complete and (2) attempting to bar employers from the interviews when their presence is requested by the employee.

The employees sought a declaratory judgment that OSHA had a longstanding rule of allowing employees to decline to be interviewed during OSHA investigations, that OSHA violated the APA when it changed this rule without formal rulemaking, and that employees, not OSHA, have the right to insist on a private interview. They also sought the same injunctions as Trinity against OSHA.

[3]OSHA and the Secretary are used interchangeably.

summary judgment and denied Trinity's motion to intervene. He ordered the six employees to submit to private interviews with the OSHA investigator, accompanied only by their own lawyer.[4] On the same day, Judge Belew dismissed the declaratory action in a one sentence order.[5]

On September 5, Judge Belew issued an order, noting that it had "come to the Court's attention that Trinity Industries, one of the Plaintiffs, has viable claims remaining in [the declaratory action] which have not been adjudicated." Therefore, Judge Belew reinstated Trinity's claims and all pending motions on these claims. On March 6, 1991, Judge Belew granted summary judgment for Trinity and denied the same for the Secretary.[6] *Trinity Industries, Inc. v. Dole,* 760 F.Supp. 1194 (N.D.Tex.1991). The district court held that Trinity had standing to seek clarification of employee's rights in OSHA interviews; that the Secretary had failed to follow the notice and comment rulemaking procedures of the Administrative Procedure Act (APA) when it changed its longstanding policy of allowing employers to be present at interviews when so requested by the employee; and that the employee, not OSHA, has the right to waive a private interview. The Secretary appealed.

II

The Secretary raises several issues on appeal. The threshold issue in resolving this case, however, is whether Trinity has standing to bring this action.[7] "Article III, of course, gives the federal

---

[4]Persons questioned under subpoena have the right to be "accompanied, represented, and advised by counsel." 5 U.S.C. § 555(b).

[5]Because of the confusing procedural history in this case, we want to make clear that the employees are not a party to this declaratory action. In August 1990, the enforcement action was transferred to Judge McBryde who has refused to compel the employees to submit to private interviews; the Secretary has appealed his ruling. (*See Martin v. Barrios et al.,* No. 91–7144 (5th Cir. appeal filed October 18, 1991)). The appeal of the enforcement action raises some of the same issues as before us, e.g., whether OSHA has the right to insist upon private interviews with employees. The overlap of issues supports the Secretary's argument that Trinity is not the proper party to bring this action. *See* note 8, *infra.*

[6]The memorandum opinion and order does not order any injunctive relief; it only declared the rights of the parties.

[7]The Secretary also raises the following issues: 1) Whether the district court had subject matter jurisdiction to entertain Trinity's pre-enforcement challenge to the Secretary's

courts jurisdiction over only "cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process. Our threshold inquiry into standing "in no way depends on the merits of [Trinit y's] contention that particular conduct is illegal.' " *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 1723, 109 L.Ed.2d 135 (1990) (quotes omitted). Nonetheless, "[t]he requirements of Art. III are not satisfied merely because a party requests a court of the United States to declare its legal rights, and has couched that request for forms of relief historically associated with courts of law in terms that have a familiar ring to those trained in the legal process." *Valley Forge Christian College v. Americans United For Separation of Church & State, Inc.,* 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).

In general, a plaintiff must plead an actual or threatened injury that is fairly traceable to the conduct complained of and likely to be redressed by the relief requested. *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Murray v. Austin,* 947 F.2d 147, 151 (5th Cir.1991). The requirement of an actual injury "tends to assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge,* 454 U.S. at 472, 102 S.Ct. at 758.

"The alleged harm must be actual or imminent, not "conjectural' or "hypothetical.' " *Whitmore,* 495 U.S. at 155, 110 S.Ct. at 1723. "The injury ... must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is "distinct and palpable,' as opposed to "[a]bstract' ..." *Id.* (citations omitted) "A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a *direct injury* as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat. Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 2308,

---

administrative subpoenas; 2) whether OSHA violated APA rulemaking procedures by changing its policy regarding interviews and by prohibiting Trinity representatives from being present during the interview; and 3) whether the employee or OSHA has the right to decide if the interview should be private.

60 L.Ed.2d 895 (1979) (emphasis added). "But "[o]ne does not have to await the consummation of threatened injury to obtain preventative relief. If the injury is certainly impending, that is enough.' " *Id.* Nonetheless, Trinity must "clearly and specifically set forth facts to satisfy Art. III standing requirements. A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore,* 495 U.S. at 155–56, 110 S.Ct. at 1723.[8]

Trinity asserts that it is threatened with an imminent actual injury if OSHA is permitted to interview its employees outside of its presence. It maintains that it may be forced to incur unnecessary expense, loss of management and employee time, and disruption of production in order to defend against an invalid OSHA citation. It also contends that the defense of such charges will strain the employer/employee relationship; first, it forces Trinity to take an adversarial position against its own employees during the review hearing; and second, employees do not like the OSHA process and place the blame on Trinity. Trinity maintains that when OSHA denies the employee's request to have a company representative present, the chances are great that the employee will misunderstand OSHA's questions and give incorrect answers which in turn will lead to invalid citations. If, however, a company representative is allowed to accompany the OSHA inspector during the interview, Trinity argues, he may be able to clarify the questions before the misunderstanding occurs.

Unfortunately, Trinity's alleged injury, resulting from OSHA precluding it from employee

---

[8]In addition to the constitutional requirements, the plaintiff seeking review of agency action must fall within the "zone of interests." *Valley Forge,* 454 U.S. at 475, 102 S.Ct. at 760 (quoting *Association of Data Processing Service Orgs. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970)). Thus, we must determine "[f]irst, whether [Trinity] allege[s] "injury in fact,' that is, a sufficiently concrete interest in the outcome of [its] suit to make it a case or controversy subject to a federal court's Art. III jurisdiction, and second, whether, as a prudential matter, [Trinity is] the proper proponent[ ] of the particular legal rights on which" it bases its suit. *Singleton v. Wulff,* 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826 (1976).

Because we answer the first inquiry in the negative, we need not address the issue of prudential standing. Nonetheless, we express doubt that Trinity could satisfy this requirement as well.

interviews, rests upon a series of speculative, not "concrete" assumptions. Although in this case the employee has requested the presence of an employer representative, and the inspector has denied the request, it is purely speculative that the OSHA inspector will ask misleading, complicated, and unnecessarily technical questions. The alleged injury of unnecessary expense, lost time, production, etc. further assumes that the employee will not ask for clarification of the question and will give incorrect information; and, if the interview is conducted with the employee's counsel present, that counsel also will abstain from clarifying any misleading questions. Additionally, the injury assumes that the incorrect information will support a citation; that the presence of company representatives would assist in the factfinding process and would clarify any misleading questions; that the incorrect information will not be corrected in the closing conference; that OSHA will issue an *invalid* citation; and that Trinity will go to the trouble and expense of contesting the citation before the Review Commission.

Trinity insists that such an injury—the unnecessary expense in contesting an erroneous citation, disruption to production, etc.—has already occurred in instances when the *employee* has requested a private interview. The only evidence of these alleged injuries that Trinity provides is a footnote in its brief. It refers to testimony in a case pending before the Review Commission, *Secretary of Labor v. Trinity Indus., Inc.,* OSHRC No. 88–1545. This evidence was not before the district court. Generally, we will not enlarge the record on appeal with evidence not before the district court. *See Kemlon Products and Development Co. v. United States,* 646 F.2d 223, 224 (5th Cir.), *cert. denied,* 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981). In her reply brief, the Secretary refutes Trinity's account of the proceedings. It is because of the existence of disputed versions of facts that we require this type of evidence be in the record. Trinity cannot rely on mere allegations of an injury in one instance to gel its otherwise speculative injury.

In any event, we conclude with certainty that Trinity's "alleged [injuries are] too speculative to invoke the jurisdiction of an Art. III court." *Whitmore,* 495 U.S. at 157, 110 S.Ct. at 1724. The

future injuries resulting from the defense of invalid citations are contingent on innumerable suppositions. Allegations of possible future injury do not satisfy the requirement of Art. III. The possibility, that maybe, in the future, if a series of events occur, Trinity, and industries nationwide, might suffer some injury is clearly too impalpable to satisfy the requirements of Art. III. The injuries simply are not "certainly impending." *Babbitt,* 442 U.S. at 298, 99 S.Ct. at 2308.

## III

Trinity has no standing to bring the present action, therefore, the judgment of the district court is VACATED and the case is DISMISSED.