IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50901
Summary Calendar
_____

GLADYS I. MCDOW,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-199
--------------------
August 16, 2000

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Gladys I. McDow, *pro se*, appeals from the district court's judgment affirming the application of the offset provision of 42 U.S.C. § 402(e) to her surviving spouse benefit.  She also has filed a motion to supplement the record on appeal.

    McDow argues that the Social Security Act unconstitutionally discriminates against surviving spouses who are former government workers by applying the offset provisions of § 402(e), thereby

---

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reducing their benefits by two-thirds the amount that they receive in their government pensions.

However, McDow has failed to cite to any relevant authority to support her position as required by the Federal Rules of Appellate Procedure.  Fed. R. App. P. 28(a)(9)(a).  Although we apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel and liberally construe briefs of *pro se* litigants, *pro se* parties must still brief the issues. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Failure to present any authority in support of an argument constitutes an abandonment of the issue.  United States v. Heacock, 31 F.3d 249, 258 (5th Cir. 1994); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

As McDow has abandoned the only issue properly before this court, her appeal is DISMISSED.  McDow also moves this court to supplement the record on appeal.  Since we do not generally enlarge the record on appeal to include evidence that was not before the district court, this motion is DENIED.  See Trinity Industries, Inc. v. Martin, 963 F.2d 795, 799 (5th Cir. 1992).