IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10108
Conference Calendar

_____


GARY NORMAN KETZEL,

                                        Plaintiff-Appellant,

versus

WILLIAM BARNETT; ALFRED WILLSON; GARY PARKS; LESLIE WEST;
JOHN DOE, DR.; E. CHASE; R. BLAIR; MOZETTA JOHNSON; LARRY BOND;
FERNANDO DE LA ROSE; GLEN MEHARG; LESLIE HICKS; F. BAXTER;
TEXAS TECH MEDICAL HEALTH SERVICES; TEXAS CORRECTIONAL
INDUSTRIES; JOHN BENESTANTE; GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
WAYNE SCOTT, Director,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-258
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Gary Norman Ketzel (TDCJ # 743036) appeals the district

court's dismissal of his pro se and in forma pauperis (IFP) 42

U.S.C. § 1983 complaint wherein he sought injunctive relief and

monetary damages for a variety of alleged civil rights

violations.  Ketzel averred in his complaint that he had not

sought administrative remedies with respect to the bulk of his

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claims, but that he would "promptly submit both Step One and Step Two grievances provided this honorable court serves me notice of fulfilling this administrative remedy requirement."

The district court dismissed the complaint as frivolous for failure to exhaust administrative remedies. The district court also denied a post-judgment motion by Ketzel wherein he asserted that he had made a "grievious [sic] clerical error" when he informed the court that he had not exhausted his administrative remedies.

Ketzel has attached to his brief "exhibits" which he asserts establish exhaustion of administrative remedies. We will not enlarge the record on appeal with evidence not before the district court. See Trinity Industries, Inc. v. Martin, 963 F.2d 795, 799 (5th Cir. 1992).

Title 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A state prisoner's mixed petition for both monetary and injunctive relief is subject to § 1997e's exhaustion requirement. Whitley v. Hunt, 158 F.3d 882, 887 (5th Cir. 1998). We review a district court's dismissal of a prisoner's complaint for failure to exhaust de novo. See Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999).

Given the record before the district court which included Ketzel's verified allegation that he had not exhausted his

administrative remedies, Ketzel cannot show that the district court erred by dismissing the complaint as frivolous for failure to exhaust, or by denying the post-judgment motion.  See Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990)(district court may sua sponte address obvious affirmative defenses to an IFP complaint); cf. Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998)(dismissal with prejudice based on failure to exhaust was appropriate in IFP proceeding).  The judgment of the district court is AFFIRMED.