IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41276
Summary Calendar

_____

JESUS M. SANDOVAL,

                                             Plaintiff-Appellant,

versus

LARRY JOHNS, Warden, Michael Unit; LARRY G. BOTTOMS,
     Captain, Michael Unit,

                                             Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(6:00-CV-222)
--------------------
June 29, 2001
Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Jesus M. Sandoval, TDCJ prisoner # 599965,

filed a pro se complaint under 42 U.S.C. § 1983 alleging that

prison guards had delayed or denied his access to the prison law

library.  The magistrate judge recommended that the complaint be

dismissed as frivolous pursuant to 28 U.S.C. § 1915A.  The district

court overruled Sandoval's objections and dismissed the complaint

as frivolous.

     We review dismissals under § 1915A de novo.  See Ruiz v.

United States, 160 F.3d 273, 275 (5th Cir. 1998).  Lack of access

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to legal materials may constitute an unconstitutional infringement of a prisoner's right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977); McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998). To prevail, however, an inmate alleging denial of access to the courts must demonstrate "relevant actual injury" stemming from the defendants' unconstitutional conduct. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Sandoval's general claims that he was unable to research and understand prison policies, or that unspecified prison grievances were dismissed, fail to meet this standard.

In his amended complaint, Sandoval added a general claim that prison guards had retaliated against him. To state a valid retaliation claim under § 1983, a prisoner must allege that (1) he invoked a specific constitutional right, (2) the defendant intended to retaliate against the prisoner for his exercise of that right, (3) an adverse act resulted, and (4) the retaliation caused the adverse act. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). Although Sandoval provided details of the alleged retaliation in his appellate brief, these facts were not alleged in the district court. Ordinarily, we will not enlarge the record on appeal with evidence not before the district court. See Trinity Industries, Inc. v. Martin, 963 F.2d 795, 799 (5th Cir. 1992). Given the non-specific allegations in the record before the district court, it properly dismissed the complaint as frivolous.

The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Sandoval is warned that if he accumulates

2

three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See id.

AFFIRMED; SANCTIONS WARNING ISSUED.