IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60802
Summary Calendar
_____

MARY HALLMAN, Next Friend with General Power of Attorney for
Charles Clifton Walters,

                                        Plaintiff-Appellant,

versus

HAROLD RAY PRESLEY, Sheriff of Lee County, Individually and in
His Official Capacity; TOM BILLUPS, DR., Physician, Individually
and in His Official Capacity; TERRY JONES, Lee County
Investigator, Individually and in His Official Capacity; STEVE
STANFORD, Lee County Investigator, Individually and in His
Official Capacity; JOHN HALL, Lee County Investigator,
Individually and in His Official Capacity; JIM JOHNSON, Lee
County Investigator, Individually and in His Official Capacity;
MICHAEL BERTHAY, Criminal Investigator, Individually and in His
Official Capacity; JOHN YOUNG, District Attorney, Individually
and in His Official Capacity; DENNIS FARRIS, Assistant District
Attorney, Individually and in His Official Capacity; SAM REEDY,
Assistant District Attorney, Individually and in His Official
Capacity; ROLAND GETTY, Assistant District Attorney, Individually
and in His Official Capacity; JERRY CROCKER, Investigator,
Individually and in His Official Capacity; THOMAS GARDNER,
Circuit Judge, Individually and in His Official Capacity,

                                        Defendants-Appellees,
_____
                   consolidated with

MARY HALLMAN, Family Member of Pamela Reed and Baby Brandon;
PATRICIA STANFORD, Family Member of Pamela Reed and Baby Brandon;
MARY LOU PRESLEY, Family Member of Pamela Reed and Baby Brandon;
CHARLES T. PRESLEY, JR., Family Member of Pamela Reed and Baby
Brandon,

                                        Plaintiffs-Appellants,

versus

HAROLD RAY PRESLEY, Sheriff of Lee County, Individually and in
His Official Capacity; TERRY JONES, Lee County Investigator,
Individually and in His Official Capacity; STEVE STANFORD, Lee
County Investigator, Individually and in His Official Capacity;
JIM JOHNSON, Lee County Investigator, Individually and in His
Official Capacity; MICHAEL BERTHAY, Investigator with Mississippi

Highway Patrol, Individually and in His Official Capacity; JIMMY BOXX, Colonel, Mississippi Highway Patrol, Individually and in His Official Capacity; WAYNE MILLER, Captain, Mississippi Highway Patrol, Individually and in His Official Capacity; JOHN YOUNG, District Attorney, Individually and in His Official Capacity; DENNIS FARRIS, Assistant District Attorney, Individually and in His Official Capacity; SAM REEDY, Assistant District Attorney, Individually and in His Official Capacity; ROLAND GETTY, Assistant District Attorney, Individually and in His Official Capacity; THOMAS GARDNER, Circuit Judge, Individually and in His Official Capacity; MIKE MOORE, Attorney General, Individually and in His Official Capacity; BUCK BUCHANAN, United States Attorney, Individually and in His Official Capacity; CARLOYN CLAYTON, Executive Director Survival, Individually and in Her Official Capacity; MARILYN HERRING, Victims Rights Coordinator, Individually and in Her Official Capacity; MICHAEL P. MILLS, Supreme Court Justice, Individually and in His Official Capacity; TERRY SMITH, WTVA News Director, Individually and in His Official Capacity; LLOYD GRAY, Daily Journal Editor, Individually and in His Official Capacity; JIM CLARK, Publisher Courier, Individually and in His Official Capacity; MARTHA KING, Individually; LARRY (RANDY) JONES, Individually,

                                        Defendants-Appellees,

UNITED STATES OF AMERICA,

                                        Movant-Appellee,

_____
                        consolidated with

MARY HALLMAN, Family Member of Pamela Reed and Baby Brandon; PATRICIA STANFORD, Family Member of Pamela Reed and Baby Brandon; MARY LOU PRESLEY, Family Member of Pamela Reed and Baby Brandon; CHARLES T PRESLEY, JR., Family Member of Pamela Reed and Baby Brandon,

versus

JOHN YOUNG, District Attorney; DENNIS FARRIS, Assistant District Attorney; SAM REEDY, Assistant District Attorney; ROLAND GETTY, Assistant District Attorney; THOMAS GARDNER, Circuit Judge; HAROLD RAY PRESLEY, Sheriff; TERRY JONES, Lee County Investigator; STEVE STANFORD, Lee County Investigator; JIM JOHNSON, Lee County Investigator; MICHAEL BERTHAY, Criminal Investigator,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:00-CV-186-D-A
USDC No. 1:00-CV-197-D-A
USDC No. 1:00-CV-193-D-A
--------------------
July 18, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Mary Hallman appeals the district court's dismissal of three separate civil actions filed against numerous defendants challenging their actions taken in connection with the investigation and prosecution of Charles Clifton Walters for the murders of Pamela Reed and her infant son, Brandon Gliatta. Hallman, a relative of the decedents, alleged that the defendants conspired to violate Walters' constitutional rights, including his right to adequate medical care, and that the defendants unlawfully released and decided not to prosecute the actual perpetrator of the murders, Anthony Gliatta. The district court dismissed her actions for lack of standing and for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Because Hallman has not shown that she has suffered an injury in fact or the possibility of future harm that is "certainly impending," she has not shown that the district court erred in dismissing her actions for lack of standing. See Okpalobi v. Foster, 244 F.3d 405, 425 (5th Cir. 2001); Trinity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Indus. Inc. v. Martin, 963 F.2d 795, 799 (5th Cir. 1992).

Because Hallman's allegations are conclusional and do not establish the elements of a due process or equal protection violation, or that the defendants acted in concert to obstruct justice, unlawfully refused to prosecute Gliatta for the murders, or acted with invidious race or class-based discriminatory intent, Hallman has not shown that the district court erred in dismissing her actions for failure to state a claim upon which relief may be granted and for lack of standing. See Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). Further, Hallman has not shown that the district court erred in holding that the court was prohibited from interfering with the ongoing state criminal prosecution of Walters by the Anti-Injunction Act, 28 U.S.C. § 2283, and Younger v. Harris, 401 U.S. 37, 53 (1971).

Hallman argues that the district court erred in staying discovery. Because the order staying discovery was within the district court's discretion and because the defendants had filed motions to dismiss based on immunity defenses which were pending before the court, district court did not abuse its discretion in staying discovery pending a ruling on the defendants' motions to dismiss. See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).

Hallman argues that the district court erred in consolidating the three separate civil actions. Because Hallman's actions involved primarily the same parties, the same underlying facts, and primarily the same claims, the district court did not abuse its discretion in consolidating the cases.

See FED. R. CIV. P. 42(a); Bottazzi v. Petroleum Helicopters, Inc., 664 F.2d 49, 50 (5th Cir. 1981).

Hallman has filed a motion to supplement the appellate record with the state court judgment showing that Walters was found not guilty of the murders of Reed and Gliatta. She also states that Walters was admitted to a hospital for severe blockages in his heart shortly after he was released from custody. This court generally will not enlarge the record on appeal to include evidence that was not before the district court. See Trinity Indus., 963 F.2d at 799. Because Hallman did not present this evidence in the district court and because she has not shown that this information is necessary to the disposition of her appeal, her "Motion to Suspend Rules Pursuant to Fed. R. App. P. 2 and to Supplement the Record" is denied. See Harvey v. Andrist, 754 F.2d 569, 571 n.1 (5th Cir. 1985).

This appeal is frivolous; it is dismissed. 5TH CIR. R. 42.2.

DISMISSED; "MOTION TO SUSPEND RULES PURSUANT TO FED. R. APP. P. 2 AND TO SUPPLEMENT THE RECORD" DENIED.