IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40591
Summary Calendar

_____

COY LYNN OWENS,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA BUREAU OF PRISONS; ET AL.,

                                        Defendants,

UNITED STATES OF AMERICA BUREAU OF PRISONS,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas

_____

(USDC No. 5:00-CV-255)

October 30, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Coy Lynn Owens, federal prisoner # 04702-078, appeals from the
district court's order granting summary judgment to the defendant
in his suit brought pursuant to the Federal Tort Claims Act
("FTCA"), 28 U.S.C. §§ 1346(b).  Owens alleged that while he was
being transferred to FCI Texarkana, employees of the Bureau of

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prisons improperly applied leg restraints, which caused injury to his left foot and ankle. After a <u>de</u> <u>novo</u> review, we affirm.

The summary judgment evidence included medical records and declarations from medical personnel showing that when Owens arrived at FCI Texarkana his lower extremities were normal and that he did not complain about either the leg restraints or an injury to his left foot. Owens argues that the summary judgment evidence was improper because the declarations were unsworn. The district court did not err in considering the declarations, however, because they were made under penalty of perjury and asserted that the statements therein were true and correct in compliance with 28 U.S.C. § 1746. See <u>Nissho-Iwai American Corp. v. Kline</u>, 845 F.2d 1300, 1306 (5th Cir. 1988).

After the summary judgment evidence was proffered, it became Owens's burden "to set forth specific facts to establish a genuine issue of material fact, without merely resting on allegations and denials." <u>See</u> <u>Martinez v. Bally's Louisiana, Inc.</u>, 244 F.3d 474, 476 (5th Cir. 2001). We conclude that Owens failed to come forward with "significant probative evidence" on which a jury could reasonably find in his favor, <u>see</u> <u>State Farm Life Ins. Co. v. Gutterman</u>, 896 F.2d 116, 118 (5th Cir. 1990), and the district court did not err in granting summary judgment to the defendant.

Although Owens's complaint also alleged that he was denied proper medical care for his foot injury, he has not adequately briefed such a claim in this court. Accordingly, that claim is

deemed abandoned.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, Owens has filed a motion to supplement the record with photographs of his foot taken after the district court granted summary judgment.  Because this court does not ordinarily expand the record to consider evidence that was not before the district court, the motion is DENIED.  See Trinity Industries, Inc. v. Martin, 963 F.2d 795, 799 (5th Cir. 1992).

**AFFIRMED.  MOTION DENIED.**