United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10589
Summary Calendar
_____

STATE OF TEXAS

                    Plaintiff-Appellee

V

ANN WHITLOW CLARK

                    Defendant-Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1990-P
--------------------

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM:[*]

Ann Whitlow Clark, currently Texas prisoner # 1150868, attempted to remove her state-court criminal charges to federal court pursuant to 28 U.S.C. § 1443. The district court ordered that the case be remanded to state court because Clark had not met the standard for removal under that statute. After the time for filing a notice of appeal had expired, Clark filed a motion for an extension of time to file a notice of appeal. Clark's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion was not timely pursuant to FED. R. APP. P. 4(a)(5).

See Wilkens v. Johnson, 238 F.3d 328, 330 (5th Cir.), cert. denied, 533 U.S. 956 (2001). Clark's notice could also be construed as a motion to reopen the time for filing an appeal, pursuant to FED. R. APP. P. 4(a)(6). See id. at 331. Clark's motion was not, however, filed within seven days of the date she received notice of the entry of judgment and thus does not satisfy the standards of FED. R. APP. P. 4(a)(6)(A).

Clark asserts that she mailed a previous motion for an extension of time, which would have been timely under FED. R. APP. P. 4(a)(5), but that the motion was returned unfiled by the district court clerk. She has not, however, provided any corroboration of that filing. Although she has attempted to submit a copy of her previous motion, it was not submitted to the district court and this court does not ordinarily consider evidence not before the district court. See Trinity Industries, Inc. v. Martin, 963 F.2d 795, 799 (5th Cir. 1992).

AFFIRMED.