IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 04-41563
Summary Calendar

_____

GREGORY JEROME DAY

Plaintiff-Appellant

v.

ROGERS; ET AL.

Defendants,

FERNANDO BERTRAND; CITY OF GALVESTON

Defendants-Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:96-CV-487
USDC No. 3:96-CV-619

_____

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gregory Jerome Day, Texas inmate # 635963, has appealed the
magistrate judge's judgment, following a jury trial, dismissing his civil rights
complaint against the City of Galveston and police officer Fernando Bertrand.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Day contended that Bertrand used excessive force by striking him with his police cruiser while Day was attempting to flee on foot to avoid arrest and that the City of Galveston's policies and the training it provided to Bertrand were constitutionally inadequate. Day also asserted various state tort claims.

Day contends that the magistrate judge erred in denying his motions for appointment of counsel. Because the case did not present exceptional circumstances, the magistrate judge did not abuse his discretion in refusing to appoint counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Day contends that the magistrate judge abused his discretion by excluding evidence related to an arrest and conviction of fleeing from police related to an incident that occurred several days prior to the instant arrest. Admission of this evidence would have tended to confuse the jury. See United States v. Powers, 168 F.3d 741, 749 (5th Cir. 1999). Day's substantial rights were not affected by any error in its exclusion. See Valdez v. Cockrell, 274 F.3d 941, 957 (5th Cir. 2001).

Day complains that the magistrate judge refused to permit him to introduce evidence regarding the city's policy regarding pursuit driving procedure. This evidence was only marginally relevant and would have tended to confuse the jury. See Powers, 168 F.3d at 749. Its exclusion did not affect Day's substantial rights. See Valdez, 274 F.3d at 957.

Day complains that the magistrate judge excluded evidence of Bertrand's answers to interrogatories and requests for admissions. His conclusional argument does not demonstrate that the magistrate judge abused his discretion in excluding this evidence. See Valdez, 274 F.3d at 957.

Day contends that the magistrate judge abused his discretion by excluding evidence regarding the defendants' insurance policies and outstanding medical claims. Because this evidence was offered to prove facts that were not in dispute, the evidence was cumulative and its exclusion was not an abuse of

discretion. See FED. R. EVID. 403; see also Dicks v. Cleaver, 433 F.2d 248, 254 (5th Cir. 1970).

Day contends that the magistrate judge erred in denying his motions requesting the court to require the defendants to produce various police department employees to provide expert testimony about city policies. He invokes Fed. R. Evid. 706(a) and 614(a) and Fed. R. Civ. P. 54(d). Because Day did not assert these legal bases for his argument in the district court, the magistrate judge's ruling is reviewed for plain error. See Anderson v. Siemens Corp., 335 F.3d 466, 471 (5th Cir. 2003); see also United States v. Olano, 507 U.S. 725, 732 (1993). The defendants were asked at a pretrial conference to provide a witness to testify about department policies and did so by having Sergeant Thomas Karlok present during the trial. Day was permitted to call Karlok. Day contends for the first time on appeal that the magistrate judge erred in permitting Karlok to testify on policy matters because he was present at the scene of the arrest taking photos and performing "I.D. work." Day does not state why it was unfairly prejudicial for Karlok to testify regarding department policy. The testimony of the other witnesses requested by Day would have been cumulative. See Rule 403. There was no error, plain or otherwise. See Anderson, 335 F.3d at 472.

Day also complains for the first time that the magistrate judge failed to provide him with a medical doctor to testify about the manner in which his injuries occurred. Because the manner in which Day's injuries occurred was not in dispute, there was no error and Day's substantial rights were not affected by the magistrate judge's failure to provide him with a medical expert. See Anderson, 335 F.3d at 472.

Day complains that the magistrate judge erred by permitting Bertrand and his partner, Phillip Fleming, to be present in court during the testimony of other witnesses. Because Bertrand was a "party who is a natural person" and Fleming was an employee of a party and was designated as its representative,

the magistrate judge did not err in permitting Bertrand and Fleming to remain in the courtroom. See FED. R. EVID. 615.

Day contends that the magistrate judge erred in denying his motion for a new trial. "Ordinarily, a district court's decision not to grant a new trial under [FED. R. CIV. P.] 59(a) is not appealable." Toops v. Gulf Coast Marine Inc., 72 F.3d 483, 486 (5th Cir. 1996) (quotation marks omitted). Instead, it is regarded as an attack on the final judgment. Id. Day failed to move for judgment as a matter of law in the district court pursuant to FED. R. CIV. P. 50. Accordingly, our review is limited to determining "whether there was any evidence to support the jury verdict." Flowers v. Southern Reg'l Physician Servs. Inc., 247 F.3d 229, 238 (5th Cir. 2001).

To prevail on his excessive-force claim, Day had to establish by a preponderance of the evidence that he suffered an injury that resulted directly and only from the use of force that was excessive to the need and that the force used was objectively unreasonable under the totality of the circumstances. See Flores v. City of Palacios, 381 F.3d 391, 396, 398 (5th Cir. 2004). The jury responded "no" to the interrogatory: "Do you find, from a preponderance of the evidence, that the force, if any, used by Fernando Bertrand during the arrest of Gregory Jerome Day, was unnecessary, unreasonable and excessively violent?" Bertrand and Fleming testified that they saw Day commit a crime and flee down the street. Before they could turn their cruiser around, Day was too far away to pursue on foot. They chose to close the distance using the cruiser and planned that Fleming would pursue on foot after they caught up with Day. There was support in the record for the jury's conclusion that Bertrand's actions were objectively reasonable. See id. at 398–99; Flowers, 247 F.3d at 238.

Day contends also that the City of Galveston's policies with regard to "pursuit driving" and "emergency traffic" were inadequate and that Bertrand was inadequately trained. "[M]unicipal liability under [§] 1983 attaches where a deprivation of a right protected by the Constitution or by federal law is caused

4

by an official policy." Shields v. Twiss, 389 F.3d 142, 151 (5th Cir. 2004) (quotation marks omitted). Day presented no evidence showing that the City of Galveston had a policy, custom, or training program that was deliberately indifferent to the constitutional rights of its inhabitants. The jury's finding that Bertrand did not violate Day's constitutional rights necessarily precluded a contrary finding with respect to the City of Galveston. There was evidence (or a lack of evidence) in the record supporting the jury's finding in favor of the City of Galveston. See Flowers, 247 F.3d at 238.

Day contends that the magistrate judge erred in dismissing his state law claims for assault and mental anguish. Day contends that the magistrate judge erred in instructing the jury with regard to the tort of battery and with respect to Bertrand's entitlement to qualified immunity. Day contends that the magistrate judge erred in failing to instruct the jury with regard to his assault and battery claim against the City of Galveston. Because Day failed to object to the magistrate judge's instructions, this court's review of these issues is for plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc).

In ruling on Day's motion to amend his complaint, the magistrate judge initially granted Day's request to add claims for assault and battery and for "mental anguish." However, the magistrate judge instructed the jury with respect to Day's battery claim against Bertrand only. A "battery" is essentially an assault that results in offensive contact. See RESTATEMENT 2D TORTS, §§ 13 & 21 (1965). Because the question whether offensive contact occurred was not in dispute, there was no error in failing to instruct the jury with regard to the tort of assault.

There was support in the record for the jury's determination that Bertrand did not commit a battery. See Flowers, 247 F.3d at 238. For that reason, the jury did not reach the question whether Bertrand was entitled to qualified immunity. Accordingly, any error in instructing the jury with regard to qualified

immunity was harmless. See International Ins. Co. v. RSR Corp., 426 F.3d 281, 290–91 (5th Cir. 2005). Because the jury determined that Bertrand had not committed a battery, any error in failing to instruct the jury with respect to the City of Galveston's liability for battery was also harmless. See id.

There is no general legal duty in Texas to avoid negligently inflicting mental anguish. Boyles v. Kerr, 855 S.W.2d 593, 594–600 (Tex. 1993). Mental anguish is only an element of recoverable damages in some but not all circumstances when the defendant breaches some other duty. Id. Although Texas recognizes the tort of intentional inflection of emotional distress, mental anguish was not the primary risk created by Bertrand's actions. See Standard Fruit and Vegetable Co., Inc. v. Johnson, 985 S.W.2d 62, 63 (Tex. 1998). Moreover, the tort of intentional-affliction of emotional distress is a "gap-filler" that arises only when a claimant has no other cause of action. See Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005). Day had other constitutional and state causes of action leaving no gap to fill. See id.

Day contends that the magistrate judge erred in denying as moot his pretrial motion for judgment as a matter of law and for judgment on partial findings. Day contends that the magistrate judge should not have waited until after the trial to rule on the motion. Because Day's claims were rejected by the jury, any error in failing to rule on the motion was harmless.

Day has moved to supplement the record with deposition testimony relating to the prior arrest for fleeing from police. Day also wishes to supplement the record with documents pertaining to city policies, court orders, and the defendants' liability coverage. To the extent that those documents were pleadings, court orders, or were admitted as evidence at trial, they are already in the record. Otherwise, they are improperly submitted. See Trinity Industries, Inc. v. Martin, 963 F.2d 795, 799 (5th Cir. 1992).

The motion is DENIED and the judgment is AFFIRMED.