# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30435
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2015

Lyle W. Cayce
Clerk

ANNE VICTORIA CASTAY,

Plaintiff-Appellant

v.

OCHSNER CLINIC FOUNDATION,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-2492

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Anne Victoria Castay appeals the district court's grant of summary judgment in favor of Ochsner Clinic Foundation (Ochsner). Castay filed suit against Ochsner alleging that it interfered with her rights under the Family and Medical Leave Act (FMLA) and that it retaliated against her after she invoked her rights under the FMLA. Castay, a former surgical technician at Ochsner, asserted that she sought FMLA leave to care for her ailing father.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30435

We review the grant of a motion for summary judgment de novo, applying the same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts and inferences are construed in the light most favorable to the nonmoving party. *Dillon*, 596 F.3d at 266.

The FMLA entitles eligible employees to twelve workweeks of leave in any 12-month period for various qualifying events, including caring for a parent with a serious health condition. 29 U.S.C. § 2612(a)(1)(C). An employee is "eligible" for FMLA leave if the employee has been employed "for at least 12 months by the employer . . . and for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A).

The district court dismissed Castay's FMLA interference claim because she failed to show that she had worked the required 1,250 hours in the previous 12 months; therefore, the court found that she was not eligible for FMLA leave. Castay does not dispute that finding.[1] Because Castay has not shown that she raised a genuine issue of material fact regarding her eligibility for FMLA leave, she has not shown that the district court erred in granting Ochsner's motion for summary judgment on her FMLA interference claim. *See* § 2611(2)(A); *Dillon*, 596 F.3d at 266.

Castay has likewise failed to carry her burden with respect to her FMLA retaliation claim. The district court analyzed Castay's retaliation claim under the mixed-motive, burden-shifting framework set forth in *Ion v. Chevron USA,*

---

[1] Because Castay, who worked a less than full-time schedule, missed the eligibility by three hundred hours, her suggestion that she could have "easily accrued the additional hours necessary to become eligible" if Ochsner had given her advance warning of ineligibility is meritless. Additionally, the district court correctly found that Castay's estoppel-type claim that an employee told her she was eligible also fails.

*Inc.,* 731 F.3d 379, 380 (5th Cir. 2013).[2]  To survive a motion for summary judgment under that framework, the employee must first set forth a prima facie case of FMLA retaliation.  *Id.* at 390.  The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action.  *Id.*  If the employer does so, "the burden shifts once more to the employee to offer sufficient evidence to create a genuine issue of fact that the employer's reason, although true, is but one of the reasons for its conduct, another of which was discrimination."  *Id.*

The district court assumed without deciding that Castay had set forth a prima facie case for FMLA retaliation.[3]  The court determined that Ochsner had provided sufficient evidence that it terminated Castay for incidents of inappropriate and unprofessional behavior and that Castay did not meet her burden of offering sufficient evidence to create a genuine issue of material fact that Ochsner's reason, although true, was but one of the reasons for its decision and that another reason was discrimination.  Castay has not shown error in the district court's determination; she argues only that Ochsner failed to submit evidence showing that it had disciplined other employees for similar

---

[2]  In *Ion*, we noted that both sides had argued the case as a mixed-motive case without urging a different standard  under the then-new Supreme Court decision in *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013), which concluded that use of the "because" language in the retaliation statute there at issue required "but for" causation, not "mixed motive." *Ion*, 731 F.3d at 389-90.  Because we concluded that the plaintiff's claim in that case would fail under either standard, we did not decide whether the "but for" causation standard should apply in FMLA retaliation cases.  Ochnser has argued that *Nassar*'s reasoning applies in the FMLA retaliation context.  Like the district court, we conclude that this case does not turn on this distinction and leave the determination of *Nassar*'s potential applicability to FMLA retaliation claims to another case.

[3]  We have not held in a published decision that a plaintiff must prove FMLA eligibility to state a viable FMLA retaliation claim, but two unpublished decisions state that such eligibility is a prerequisite to relief under a retaliation claim.  *Amsel v. Tex. Water Dev. Bd.*, 464 F. App'x 395, 401 n.7 (5th Cir. 2012); *Roberts v. Unitrin Specialty Lines Ins. Co.*, 405 F. App'x 874, 881-82 (5th Cir. 2010).  If eligibility is required for a retaliation claim, Castay's claim clearly fails.

No. 14-30435

offenses. Castay has not pointed to argument or evidence that created a genuine issue of material fact that Ochsner's reason for her termination, "although true, is but one of the reasons for its conduct, another of which was discrimination." *Ion,* 731 F.3d at 390.[4] We do not address the arguments raised for the first time in Castay's reply brief. *See United States v. Transocean Deepwater Drilling, Inc.,* 767 F.3d 485, 492 (5th Cir. 2014).

Castay's motion for leave to supplement the record on appeal is DENIED. *See Trinity Indus., Inc. v. Martin,* 963 F.2d 795, 799 (5th Cir. 1992); *Topalian v. Ehrman,* 954 F.2d 1125, 1131 n.10 (5th Cir. 1992). The district court's judgment is AFFIRMED.

---

[4] We note that Castay never actually filed a request for FMLA leave; she simply inquired about it. Given our disposition, we need not address here the extent to which such a request is a prerequisite to stating a valid FMLA retaliation claim.