Erika **FLORES,** Plaintiff,

v.

**CITY OF PALACIOS and Wilbert Kalina, a/k/a Billy Kalina, Defendants.**

No. G–02–657.

United States District Court, S.D. Texas, Galveston Division.

May 30, 2003.

Bobby D Brown, Brown & Martinez, LLP, Victoria, TX, for Erika Flores.

William Scott Helfand, Magenheim Bateman, et al., Houston, TX, for City of Palacios, Wilbert Kalina aka Billy Kalina.

***ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, DENYING DEFENDANTS' ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT OR REPLY, AND DENYING DEFENDANT KALINA'S MOTION FOR SUMMARY JUDGMENT***

KENT, District Judge.

On September 13, 2002, Plaintiff Erika Flores ("Flores") brought this lawsuit against the City of Palacios ("City") and Officer Wilbert Kalina ("Kalina") (collectively, "Defendants"), via 42 U.S.C. § 1983. Flores alleges that she was unlawfully arrested, subjected to an excessive use of force, and maliciously prosecuted in violation of her rights under the Fourth Amendment to the United States Constitution. Further, she alleges that Defendants' conduct deprived her of her good name, reputation, and property in violation of her due process rights under the Fourteenth Amendment.[1] Now before the Court are Defendants' Motion to Dismiss for Failure to State a Claim and Alternative Motion for More Definite Statement

---

1. Originally, Flores alleged violations of her First, Fifth, and Eighth Amendment rights. In her Second Amended Complaint, Flores abandoned her Fifth and Eighth Amendment claims. In her Response to Defendant Kalina's Motion for Summary Judgment, Flores indicated her intention to abandon her First Amendment claims as well.

or Reply, Defendant Kalina's Motion for Summary Judgment, and Plaintiff's timely Responses thereto. For the following reasons, Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART** and **DENIED IN PART,** Defendants' Alternative Motion for More Definite Statement or Reply is **DENIED,** and Defendant Kalina's Motion for Summary Judgment is also **DENIED.**

## I. Factual Background

Flores's version of the events giving rise to her claims is as follows: On July 16, 2002, Flores, a sixteen-year-old student at Palacios High School, was visiting her cousin and some friends at her aunt's house. At approximately 11:00 p.m., Flores called her mother to tell her she was on her way home. Flores left her aunt's house, got into her car, and turned on the radio. As she began to pull away, she heard a noise, felt something hit her car, and immediately stopped. She got out of her car and was accosted by Kalina, who had fired his gun at her car to stop her. He exclaimed, "I almost killed you," and then he forced her to the ground, handcuffed her, and arrested her. Flores claims she was already in her car when Officer Kalina's patrol car drove past her and that she never heard Kalina tell her to stop, to pull over, or to get out of the car. Without conducting a preliminary investigation, Kalina swore out a felony charge of evading arrest against Flores and attempted to have her detained overnight by the juvenile probation department, which refused to do so. Flores contends that the City knew that complaints had been filed against Kalina for using excessive force in the past and that, at least once before, Kalina pointed his gun at an unarmed juvenile who posed no risk to anyone.

Defendants tell a somewhat different story: At approximately 11:15 p.m., while patrolling the city, Palacios Police Department Officers Kalina and Baldemar Isquierdo observed a white 1998 four-door Oldsmobile parked on the wrong side of the road (facing west, but on the eastbound side of the road). The Officers saw no one near the car and decided the circumstances warranted investigation. Officer Kalina shined a spotlight on the area, and people (who had not been visible before) began running from the area near the car. The Officers got out of their car, and Officer Kalina followed the fleeing people up a driveway. As he did, another person passed by him running toward the Oldsmobile. Officer Kalina called out, "Police. Stop." The person who had passed him did not stop.[2] Officer Kalina ran up alongside the Oldsmobile, which was pulling away, and yelled, "Police. Stop," but the car did not stop. As Officer Kalina ran next to the car, the driver (Flores) pulled to the right, nearly striking him. Kalina stopped running, and, as the car drove away, he shot at its right rear tire, but hit the muffler a few inches from the car's gas tank. Flores was arrested, charged with evading detention in a motor vehicle, and processed through the juvenile justice system. A subsequent investigation revealed alcohol in the area from which the minors had fled, but Kalina observed no signs that Flores had been drinking. Additionally, Flores and the other minors were in a public place after 11:00 p.m. on a weeknight in violation of the City's curfew.

## II. Legal Standards

 Kalina and the City seek dismissal of Flores's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for

---

**2.** It is unclear whether Officer Kalina is claiming that the person who ran past him

got into the car.

failing to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). Such motions should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994).

Kalina has also moved for summary judgment on Flores's claims against him. When considering a motion for summary judgment, the Court accepts the nonmovant's evidence and draws all justifiable inferences in that party's favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Such motions should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Determining credibility, weighing evidence, and drawing inferences are left to the trier of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Id.* at 247–48, 106 S.Ct. at 2510.

### III. Claims Against Officer Kalina

■ In addressing Flores's claims against Officer Kalina, the Court must first consider Officer Kalina's qualified immunity defense. Qualified immunity protects government officials performing discretionary functions from liability for actions taken in the course of their duties unless the alleged conduct violates clearly established law of which a reasonable official would have been aware. *See Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir.1995). Deciding whether a police officer is entitled to qualified immunity is a two-step process. *See Hayter v. City of Mount Vernon*, 154 F.3d 269, 274 (5th Cir.1998). The Court first determines whether the plaintiff has alleged a violation of a clearly established constitutional right. If not, the defendant is entitled to qualified immunity. If the plaintiff alleges such a violation, and even if the conduct *actually* violated a clearly established right, the Court then asks whether the official's conduct was objectively reasonable. If so, he is entitled to qualified immunity. *See id.*

■ Although whether an official is entitled to qualified immunity is a question of law, the reasonableness determination is made by evaluating the conduct in light of established facts; thus, the decision generally must be made at the summary judgment stage. *See Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir.1996) ("[I]f the defendant asserts qualified immunity, the complaint should generally not be dismissed for failure to state a claim because the issue of whether immunity applies is a factual question related to the merits.") (citing *Scheuer v. Rhodes*, 416 U.S. 232, 250, 94 S.Ct. 1683, 1693, 40 L.Ed.2d 90 (1974)). Although the plaintiff bears the burden of proving that the law is clearly established, the typical summary judgment burden of demonstrating the absence of a genuine issue of material fact rests with the defendant.

Flores alleges that Kalina violated her Fourth Amendment rights by using excessive force to seize her, by arresting her without probable cause, and by maliciously prosecuting her. At this broad level of generality, these rights are all clearly established. *See Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 1867–68, 104

L.Ed.2d 443 (1989) ("[A]ll claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard ...."); *Beck v. State of Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142 (1964) ("Whether [an] arrest was constitutionally valid depends ... upon whether, at the moment the arrest was made, the officers had probable cause to make it-whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."); *Castellano v. Fragozo,* 311 F.3d 689, 701 (5th Cir.2002) ("The law of this circuit holds that in the event the elements of malicious prosecution are proved, *a fortiori,* a violation of the Fourth Amendment is also proved.").

More specifically, Flores alleges that Kalina violated her rights by using deadly force to prevent her from leaving her aunt's house. This more specific allegation, too, articulates a violation of clearly established law. *See Tennessee v. Garner,* 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85 L.Ed.2d 1 (1985) ("Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so."); *see also Gutierrez v. City of San Antonio,* 139 F.3d 441, 446 (5th Cir.1998) (stating that "guns represent the paradigmatic example of 'deadly force'" and finding that *Garner's* holding was clearly established).

Because Flores has alleged violations of clearly established law, the Court moves to the next step in the qualified immunity analysis: judging the reasonableness of the alleged behavior. *See Hayter,* 154

F.3d at 274. Although the Parties dispute the facts, the Court must, at the summary judgment stage, accept the evidence of the non-moving Party, Flores, and draw all reasonable inferences in her favor. *See Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56.

■ The Court first addresses Flores's claim that Kalina arrested her for evading arrest without probable cause. If a reasonable officer in Kalina's position could have believed that probable cause existed to arrest Flores, then Kalina is entitled to qualified immunity on this issue. *See Hayter,* 154 F.3d at 274. Kalina alleges that he shined a spotlight on Flores's car; that people began to flee from the area around the car; that he called, "Police. Stop," but a person running toward the car did not stop; and that as he ran up behind the car, still calling out, "Police. Stop," Flores drove away. Flores does not directly contest these allegations: she admits seeing the patrol car drive past her, having her music too loud for her to have heard Officer Kalina shout, "Police. Stop," and beginning to drive away. Under this factual scenario, a reasonable officer in Kalina's position could have believed he had probable cause to arrest Flores. *See Brooks v. State,* 76 S.W.3d 426, 434 (Tex.App.–Houston [14th Dist.] 2002, no pet.) ("Appellant's flight from the police officers, after they ordered him to stop, provided the police with probable cause to believe that appellant was evading arrest or detention."). But whether an officer has violated the Fourth Amendment depends not only "on when a seizure is made, *but also [on] how it is carried out.*" *Garner,* 471 U.S. at 8, 105 S.Ct. at 1699 (emphasis added). Here, Flores contends that Kalina's use of deadly force-shooting at her tire (missing it, and nearly hitting her gas tank)-was not an objectively reasonable means to stop her.

■ Viewed in the light most favorable to Flores, Kalina ran next to a moving car that was pulling to the right to get into the proper lane. He stopped when he realized that he could not keep up with the car on foot. The car continued to drive away in a safe manner, and Kalina shot at it. Kalina admits that Flores pulled into the street safely-she did not "peel out," leave skid marks, speed, or drive recklessly. This evidence clearly creates a fact question as to whether a reasonable officer could have believed that he or the public was in immediate danger necessitating the use of deadly force to stop Flores. *See Garner,* 471 U.S. at 11, 105 S.Ct. at 1701 (holding that an officer may not use deadly force to apprehend a suspect who poses no immediate threat to the officer or the public); *Leghart v. Hauk,* 25 F.Supp.2d 748, 752–53 (W.D.Tex.1998) (finding a question of fact regarding an officer's use of deadly force to prevent the escape of a suspect who was driving away); *cf. Fraire v. City of Arlington,* 957 F.2d 1268, 1276–77 (5th Cir.1992) (finding the use of deadly force to be reasonable where the intoxicated suspect sped through a residential neighborhood, drove erratically, crashed his car twice, and, after being told to stop his car, drove directly at the officer who then fired his gun at the suspect in self defense).[3] Thus, because genuine questions of material fact exist as to whether Kalina's actions were reasonable, he is not entitled to qualified immunity.

■ Although the Court finds that Kalina is not entitled to qualified immunity, it still considers his arguments for dismissal and summary judgment that are based on other grounds. First, Kalina challenges Flores's excessive force claim. To state such a claim, a plaintiff must allege "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Bazan ex rel. Bazan v. Hidalgo County,* 246 F.3d 481, 487 (5th Cir.2001). The Court has already found that a fact question exists as to the reasonableness of the force used. Regarding her injuries, Plaintiff alleges that she felt the bullet strike the car, and that now, as a result of being shot at, she suffers physical and emotional pain, including headaches, stomachaches, and depression. Kalina contends that these alleged injuries cannot satisfy the injury element of an excessive force claim. The Fifth Circuit has not conclusively determined the degree of injury that is required to state a viable excessive force claim under the Fourth Amendment. *See Davenport v. Rodriguez,* 147 F.Supp.2d 630, 636 n. 2 (S.D.Tex.2001) (Kent, J.). Although a purely psychological injury may serve as the basis for a Fourteenth Amendment excessive force claim, the Fifth Circuit has not decided the issue as in the context of the Fourth Amendment. *Id.; see Petta v. Rivera,* 143 F.3d 895, 903 (5th Cir.1998). However, as this Court noted, some courts have read *Petta* to allow Fourth Amendment claims based on purely psychological injuries. *Davenport,* 147 F.Supp.2d at 636 n. 2 (citing *Peters v. City of Biloxi,* 57 F.Supp.2d 366, 374–75 (S.D.Miss.1999) (reading *Petta*

---

**3.** The Court is aware that the suspects in the three cited cases were killed by the use of deadly force. However, the reasoning in these cases does not turn on the results of the use of force (death), but rather that the act of shooting a firearm at a fleeing suspect is a use of deadly force. *See Pruitt v. City of Montgomery,* 771 F.2d 1475, 1479 (11th Cir.1985) (citing the Model Penal Code's definition of

deadly force and finding that deadly force had been used when the officer, not intending to kill the fleeing suspect, shot at his feet); *see also Gutierrez,* 139 F.3d at 446 (finding the definition of "deadly force" as force "carry[ing] with it a substantial risk of causing death or serious bodily harm" to be clearly established) (citations omitted).

to hold that the absence of physical injury is a factor which may show that the force used was not excessive, but it should be viewed in the totality of the circumstances); *Hodge v. Layrisson*, No. CIV.A. 97–555, 1998 WL 564263, *6 (E.D.La. Sept.1, 1998) (holding, based on *Petta*, that a Fourth Amendment excessive force claim could be predicated on a purely psychological injury); *Richard v. City of Harahan*, 6 F.Supp.2d 565, 573 (E.D.La.1998) ("The requirement of some injury does not necessarily mean a physical injury or even require physical contact.")).[4] Thus, the Court finds that genuine issues of material fact preclude summary judgment on Flores's excessive force claim.

 Flores also alleges that Kalina maliciously prosecuted her. "The elements of a malicious prosecution claim are: (1) the state commences a criminal prosecution against the plaintiff; (2) the defendants caused or aided the prosecution; (3) the prosecution terminated in plaintiff's favor; (4) the plaintiff was innocent; (5) the defendants acted without probable cause; (6) the defendants acted with malice; and (7) the criminal proceeding damaged the plaintiff." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740–41 (5th Cir. 2000). Kalina does not dispute the first three elements, and the record is suffused with questions of fact regarding the remaining three elements.[5] Thus the Court cannot grant summary judgment on Flores's malicious prosecution claims.

 Finally, Flores alleges that Kalina's actions deprived her of her good name, reputation, and property without due process of law in violation of her rights under the Fourteenth Amendment. However, where a provision of the Unites States Constitution "provides an explicit textual source of constitutional protection," the Court must assess the claims under the explicit provision, "not the more generalized notion of 'substantive due process.'" *Conn v. Gabbert*, 526 U.S. 286, 293, 119 S.Ct. 1292, 1296, 143 L.Ed.2d 399 (1999) (quoting *Graham*, 490 U.S. at 395, 109 S.Ct. at 1871). Here, the Fourth Amendment is the explicit source of constitutional protection for the claims Flores brings. *See Graham*, 490 U.S. at 388, 109 S.Ct. at 1867–68 (holding that claims of excessive force in the context of arrests should be analyzed under the Fourth Amendment rather than the Fourteenth); *Castellano v. Fragozo*, 311 F.3d 689, 701 (5th Cir.2002) (stating that malicious prosecution is a Fourth Amendment claim). Thus, the Court dismisses her claims based on the Fourteenth Amendment.

## IV. Claims Against the City

 Flores alleges that the City violated her rights by failing to properly train and supervise Officer Kalina, for example by not investigating prior claims of misconduct involving a firearm and claims of excessive force. To state a claim

4. The Court notes that Flores claims both physical and psychological injuries. She alleges that she felt the bullet from Kalina's gun strike her car and that she now suffers from headaches and stomachaches as a result of the emotional trauma of that event. Although these physical effects stem from her psychological response to the incident, they are, nonetheless, physical. *Cf., e.g., Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 265 (5th Cir.1991) (holding that weight loss, vomiting, and diarrhea satisfied the Jones Act's physical injury requirement where they accompanied physical contact); *Cash v. Tidewater Marine, Inc.*, 34 F.Supp.2d 448, 450–51 (S.D.Tex. 1999) (Kent., J.) (refusing to grant summary judgment for lack of a physical injury in a Jones Act case in which the plaintiff suffered sexual dysfunction as a result of the emotional trauma caused by physical contact).

5. The Court's finding in the qualified immunity analysis that a reasonable officer in Kalina's position *could have believed* he had probable cause to arrest Flores does not necessarily mean that probable cause existed.

against a municipality, the plaintiff must demonstrate the existence of a policy or custom that caused the alleged constitutional deprivation. *See Bennett v. City of Slidell,* 728 F.2d 762, 767 (5th Cir.1984) (en banc). Here, Flores has alleged that the City failed to properly train and supervise its officers, failed to investigate claims of misconduct involving firearms and claims of excessive force, and failed to take action to prevent further misconduct. Flores has adequately stated a claim against the City. Thus, the City's Motion to Dismiss must fail.[6]

## V. Motion for More Definite Statement

 Along with their Motion to Dismiss, the Defendants filed an Alternative Motion for More Definite Statement or Reply, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, which states: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement . . . ." Fed.R.Civ.P. 12(e). The Federal Rules of Civil Procedure do not contemplate the pleading of all relevant facts in intimate detail. *See Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126, 132 (5th Cir.1959) ("In view of the great liberality of Fed.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss."); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 167, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (rejecting a heightened pleading

standard for § 1983 claims against municipalities). "Consequently, a motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Frazier v. Southeastern Penn. Transp. Auth.,* 868 F.Supp. 757, 763 (E.D.Pa.1994).

Defendants ask that Flores be compelled to plead with particularity how each Defendant violated her rights, how the alleged conduct affected her, and why it was objectively unreasonable. The Fifth Circuit has imposed a heightened pleading standard in § 1983 cases, *see Elliott v. Perez,* 751 F.2d 1472, 1481–82 (5th Cir. 1985), which the United States Supreme Court subsequently eliminated as it applies to suits against municipalities. *Leatherman,* 507 U.S. at 168, 113 S.Ct. at 1163. However, the Court did not reach the question of whether a heightened requirement exists for claims against officials in their individual capacities. *Id.* at 166–67, 113 S.Ct. at 1162. Arguably, the reasoning of *Leatherman* applies with equal force to claims against individuals. In *Leatherman,* the Court argued that the only provision for heightened pleadings in the Federal Rules of Civil Procedure was found in Rule 9(b), which requires particularity in complaints alleging fraud or mistake. Nowhere do the Rules make any heightened pleading requirement for suits against municipalities, and the creation of such a rule should come from amendment of the rules, not judicial interpretation. *Id.* at 168–69, 113 S.Ct. at 1163. The same argument could be made for suits against officers in their individual capacities, because the Federal Rules do not create a heightened pleading standard for § 1983 claims against individuals either.

---

**6.** The City has not filed a Motion for Summary Judgment on the claims against it.

Regardless of the standard, Flores has met her pleading burden. She has thoroughly described her version of the events giving rise to her claims-that Officer Kalina shot at her and arrested her for insufficient reasons, and that the City knew of problems involving excessive force and had a policy of doing nothing about them. Flores has described her physical and emotional problems resulting from the ordeal. These allegations satisfy the pleading requirements. Accordingly, Defendants' Motion for a More Definite Statement or Reply is **DENIED.**

### VI. Conclusion

For all of the reasons set forth above, the Court hereby **PARTIALLY GRANTS** Defendants' Motion to Dismiss as it relates to Flores's Fourteenth Amendment Claims and **PARTIALLY DENIES** Defendants' Motion to Dismiss as it relates to all other claims. The Court also hereby **DISMISS-ES** Plaintiff's claims under the First, Fifth, and Eighth Amendments, as each has been abandoned by Plaintiff. The Court hereby **DENIES** Defendant Kalina's Motion for Summary Judgment and **DE-NIES** Defendants' Motion for More Definite Statement or Reply. Each Party is to bear its own taxable costs and expenses incurred herein to date, regarding any matter treated in this Order.

**IT IS SO ORDERED.**