**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 00-30119**

---

**TONI MARTINEZ,**

**Plaintiff-Appellant,**

**VERSUS**

**BALLY'S LOUISIANA, INC., doing business**
**as Bally's Casino Lakeshore Resort, doing business as**
**Belle of Orleans, LLC**

**Defendant-Appellee,**

---

Appeal from United States District Court
for the Eastern District of Louisiana

---

March 26, 2001

Before JONES and DeMOSS, Circuit Judges, and BARZILAY[*], Judge.

BARZILAY, District Judge:

This is an appeal from the granting of a Motion for Summary Judgment to the employer on a claim of sexual harassment filed under the Jones Act, 46 U.S.C. App. § 688 (1996). Plaintiff-Appellant Toni Martinez ("Martinez") sued her employer, Defendant-Appellee Bally's of Louisiana, Inc., ("Bally's"), claiming sexual harassment, vilification and infliction of mental distress by her supervisor. The district court granted Bally's Summary Judgment Motion, holding that Martinez

---

[*] Judge, U.S. Court of International Trade, sitting by designation.

-1-

failed to sustain her burden of setting forth facts indicating that she was entitled to relief under the Jones Act. We affirm.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 (1996) which provides for judicial review of an appeal from a final decision of a district court.

## FACTS

Martinez began her employment with Bally's in 1996, on the gambling ship *Belle of Orleans*. On March 16, 1998, she filed suit under the Jones Act, claiming emotional injuries and asserting damages for loss of wages and benefits, maintenance and cure, costs, interest, expenses, and attorney's fees.[1] Martinez claimed that her supervisor used foul language, called her names, and threw keys, papers, pens and pencils at her, causing her worry and stress. Bally's conducted an investigation into the matter and terminated the supervisor's employment because of his actions. The fact that the supervisor did not physically touch Martinez is not in dispute.

During Martinez' deposition, Bally's counsel posed inquiries regarding her physical condition. Martinez' counsel twice interrupted the questioning, stating that she was "not making any kind of physical injury claims," and "we're waiving any physical injury claims." *Dep. of Toni Martinez*, at 42-43. Bally's then filed a Motion for Summary Judgment on the ground that Martinez had no available remedy under the Jones Act because her claim stated purely emotional, non-physical injury and that such claims, unaccompanied by claims for physical injury, are not

---

[1] The Jones Act, codified at 46 U.S.C. App. § 688, states in pertinent part:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law. . . .

-2-

viable under the Jones Act. In response, Martinez submitted an affidavit asserting that her claims were for physical manifestations of harm resulting from sexual harassment, including sleeplessness, nervousness, inability to focus and dependence on anti-depressant medication. The district court determined that (1) Martinez could not defeat Bally's summary judgment motion by submitting an affidavit which directly contradicted her previous testimony, because Martinez' counsel's statements during her deposition were intended to relieve Bally's from discovery of facts related to physical injury, were not merely asserted for an independent purpose, and were therefore considered judicial admissions and binding on Martinez; and that (2) Martinez' claims did not assert physical contact, and that because the Jones Act only permits claims for sexual harassment that amount to claims for battery, Martinez did not sufficiently state a claim for relief. The district court held that Bally's demonstrated a lack of evidence to support Martinez' case, and that Martinez failed to sustain her burden of providing specific facts to establish a genuine issue of material fact. Therefore, the court granted Bally's Summary Judgment motion on January 11, 2000. This appeal ensued.

## STANDARD OF REVIEW

The Court of Appeals reviews the granting of a motion for summary judgment *de novo*, applying the same standard of review as the district court. *See Storebrand Ins. Co. U.K., Ltd. v. Employers Ins. of Wausau*, 139 F. 3d 1052, 1055 (5th Cir. 1998) (citations omitted). Summary judgment is appropriate when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the burden of demonstrating an absence of evidence to support the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106

S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Once the movant shows that no genuine issue of material fact exists, the burden shifts to the nonmovant to set forth specific facts to establish a genuine issue of material fact, without merely resting on allegations and denials. *See Id.* at 2552-53. Factual controversies are to be resolved in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## DISCUSSION

**I.     The district court did not err in holding that Martinez failed to raise a material issue of physical injury and thus could not recover for physical injury under the Jones Act.**

Martinez first argues that the district court erred in concluding that she did not state a claim for physical injury. Martinez argues that she did not waive all claims of physical injury, because she misunderstood the meaning of the phrase "physical injury." She and her counsel interpreted the words "physical injury" to mean physical injury as a result of physical contact, rather than physical injury resulting from either physical contact or emotional distress. She declares that her counsel's statement during her deposition that she was not making any kind of physical injury claims referred only to physical injury resulting from physical contact. Furthermore, she maintains that her affidavit provided sufficient evidence to defeat Bally's Motion for Summary Judgment.

Bally's responds that by announcing that she was not making any claims of physical injury, Martinez indeed waived all claims of physical injury. According to Bally's, the district court properly held that Martinez' counsel's waiver of physical injury amounted to a judicial admission, or stipulation foreclosing discovery into Martinez' physical injuries. By withdrawing physical injuries resulting from either physical or mental distress from contention, Martinez precluded

Bally's counsel from pursuing any further line of questioning regarding physical injury. Because it was submitted after Martinez withdrew any claims of physical injury and after Bally's filed its Motion for Summary Judgment, Martinez' affidavit stating that she suffered from various physical ailments may not be considered. Should the Court give credence to Martinez' "manufactured" physical injuries, Bally's would be severely prejudiced.

A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention. A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact. *McCullough v. Odeco., Inc.*, No. CIV.A. 90-3868, 1991 WL 99413, at *2 (E.D. La. May 30, 1991). By contrast, an ordinary evidentiary admission is "merely a statement of assertion or concession made for some independent purpose," and it may be controverted or explained by the party who made it. *McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959). "A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party." *Keller v. United States*, 58 F.3d 1194, 1199 n. 8 (7th Cir. 1995 ) (quoting John William Strong, *McCormick on Evidence*, § 254 at 142 (1992)).

The district court correctly noted that counsel's statements were intended to relieve Bally's from discovery of facts related to physical injury and were not merely asserted for an independent purpose. The court properly determined that Martinez' counsel's statement waiving all claims of physical injury was a judicial admission, which could not be contradicted by affidavit or otherwise. Martinez' contention that the trial court erred in concluding that her affidavit was not "a sufficient

-5-

explanation of the confusion concerning the words physical injury" does not address the court's finding of a judicial admission, but assumes that the court found counsel's statement to be an evidentiary admission. Martinez states that the affidavit did sufficiently explain that she waived only claims of physical injury resulting from physical contact, but that the physical injuries resulting from the sexual harassment including nervousness, sleeplessness, inability to focus and dependence on antidepressant medication were not waived.

However, the Court agrees with the district court that Martinez' counsel's statements, made as Bally's counsel was questioning the plaintiff regarding physical injury, that she waived all such claims, was an act of waiver relating to defendant's proof of fact. In addition, there was no other evidence of "physical manifestations" of emotional injury in the record before the district court. Bally's deposed five of Martinez' medical providers, none of whom testified that she was seen for physical injuries resulting from sexual harassment. Martinez may not explain or controvert a judicial admission. Thus, her affidavit was properly precluded from consideration as evidence of physical injury. Martinez has not set forth specific facts to establish a genuine issue of material fact. The district court therefore properly granted Bally's motion for Summary Judgment.

## II. The district court did not err in holding that Martinez cannot recover for emotional injuries.

Martinez argues that under the Jones Act she is entitled to recover for emotional injuries she allegedly sustained due to the sexual harassment by a Bally's employee.[2] Bally's argues that

---

[2] *Consolidated Rail Corp. v Gottshall,* 512 U.S. 532, 114 S. Ct. 2396, 129 L. Ed 2d 247 (1994) was brought under the Federal Employees Liability Act ("FELA"), which the Jones Act incorporates. In that case, the Supreme Court held that emotional injuries sustained through negligent infliction of emotional distress could be compensable if the plaintiff were in the "zone of

the district court properly held that Martinez cannot recover for emotional injuries under the Jones Act because she failed to prove (1) physical injury and (2) tortious physical contact.[3]

The district court correctly held that Martinez could not recover for emotional injury because she failed to prove she suffered any physical manifestations of her alleged emotional injury. For a sexual harassment claim to be compensable under the Jones Act, the plaintiff must prove, *inter alia* physical injury. *See Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 265-66 (5th Cir. 1991); *Cash v. Tidewater Marine, Inc*., 34 F. Supp. 2d 448, 450 (S.D. Tex. 1999). If conduct actionable under the Jones Act leads to physical manifestations of emotional injury the claim may be compensable. *See Wilson*, 939 F.2d at 265; *Williams v. Treasure Chest Casino*, Nos. CIV.A. 95-3968, CIV.A. 97-0947, 1998 WL 42586, at *5 (E.D. La. February 3, 1998). In *Wilson*, *supra*, this Court held only that where physical contact amounting to battery occurred in the course of sexual harassment, an actionable injury under the Jones Act had also occurred. Our Court has not ruled whether sexual harassment unaccompanied by battery can be actionable under the Jones Act and we do not reach that issue here. Martinez' only substantial evidence to support her alleged physical injury was her affidavit. The affidavit, which was filed *after* her pleadings and discovery, stated that the harassment she suffered caused her nervousness, sleeplessness, difficulty in focusing and dependence on anti-depressants -- claims that did not appear in her complaint or

---

danger." *See Id.* at 2410-11. However, Martinez did not plead negligent infliction of emotional distress. Martinez claims she was sexually harassed and suffered vilification and infliction of emotional distress, an intentional tort. *Gottshall* distinguished the tort of intentional infliction of emotional distress from its holding. *See Id.* at 2403 n. 2. In addition, this Circuit has not had the opportunity post-*Gottshall* to address the zone of danger rule and the facts of this case do not present such opportunity.

[3] Martinez admits that there was no physical contact.

answers to interrogatories.  However, as explained above, the district court properly declined to consider the affidavit because Martinez' counsel made a judicial admission waiving all claims of physical injury.

Without the affidavit, Martinez cannot prove she suffered physical manifestations of emotional injury.  Without proof of such injury, she cannot recover for her claims of emotional harm.  The Court recognizes the potential harm that can be caused by sexual harassment actionable under the Jones Act; however, it is the plaintiff's burden to prove she was *injured* because of the harassment.  In her *Answer to Bally's First Interrogatories*, Martinez stated only that the acts of her employer caused her great worry and stress.  *Answer to Bally's First Interrogs.*, Interrog. No. 3.  None of the five different medical providers testified that Martinez presented any physical injuries or manifestations from the alleged harassment.  An excerpt from the *Deposition of Dr. Melinda Meyer* ("*Meyer Dep.*") illustrates that Martinez did not display any physical manifestations of her alleged emotional injury.

> Q:     Did Mrs. Martinez appear to you to be experiencing or in a state of any heightened stress or anxiety?
>
> A:     Not that I recall.
>
> Q:     Would you have noted that you had observed that?
>
> A:     Yeah. I wrote "No Apparent distress."  That's "NAD."

*Meyer Dep.*, at 16.

In evaluating the evidence, the district court judge properly held that Martinez failed to claim any physical injury, and no evidence on the record before the district court demonstrated such injury.  Martinez' affidavit was properly denied consideration as a contradiction of her

attorney's judicial admission.  She provided no other evidence that she suffered any physical injuries.  Therefore, it was proper for the district court to conclude that Martinez had failed to allege and adduce any evidence on an essential element of her case under the Jones Act.

### CONCLUSION

The district court did not err in holding that (1) Martinez failed to raise a material issue of physical injury and thus could not recover for physical injury under the Jones Act, and (2) could not recover for her alleged emotional injuries in the absence of physical manifestations. We therefore AFFIRM the judgment of the court below.

AFFIRMED.