United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals for the Fifth Circuit

———————

Summary Calendar
m 06-10114

———————

CHRIST CHRISTIANITY PARTY, ET AL.,

Plaintiffs,

SENECA L. LEE,

Plaintiff-Appellant,

VERSUS

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; ET AL.,

Defendants,

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Texas
m 4:04-CV-108

———————————

Before SMITH, WIENER, and OWEN,
    Circuit Judges.

PER CURIAM:*

Seneca Lee appeals a judgment in favor of the Texas Department of Criminal Justice (TDCJ") dismissing his employment discrimination claim. Because Lee has failed to establish a *prima facie* case of discrimination, and because the district court did not abuse its discretion in refusing to allow him to amend his complaint, we affirm.

I.

Because Lee is *pro se*, we liberally construe his briefs and apply less stringent standards in interpreting his arguments than we would in the case of a counseled party. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). We read Lee's brief as arguing that the district court incorrectly applied the *McDonnell Douglas* burden-shifting standard in holding that Lee had failed to prove a *prima facie* case of employment discrimination. *See McDonnell Douglas v. Green*, 411 U.S. 792 (1973). We also read Lee's brief as arguing that he should have been allowed to amend his pleadings to add claims pursuant to chapter 10 of the Texas Civil Practice and Remedies Code and titles II, III, and VII of the Civil Rights Act of 1964.

Lee is a former employee of the TDCJ. In January 2001 he was terminated for cause from his position as a Correctional Officer. It is undisputed that the TDCJ issued guidelines before June 2003 that did not permit rehiring of applicants who had been dismissed for cause within the previous ten years. In June 2003 Lee applied for reinstatement, but his application was denied. He alleges, through conclusional affidavits, that the TDCJ has rehired correctional officers in violation of these guidelines.

Lee brought claims on behalf of himself and the Christ Christianity Party under titles II and VII, the First and Fifth Amendments, and chapter 10 of the Texas Civil Practice and Remedies code, alleging that the TDCJ refused to reinstate him because he is black and had distributed Christian literature to inmates. All claims by the Christ Christianity Party and Lee were dismissed except for Lee's title VII claim based on racial discrimination. An appeal from the partial dismissal was dismissed for lack of appellate jurisdiction.

Lee sought to amend his complaint to add claims under chapter 10 of the Texas Civil Practice and Remedies Code, Titles II, III, and VII, and the First Amendment. His motion to amend was denied, and the TDCJ's motion for summary judgment was granted.

II.

We review a summary judgment *de novo*. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2005). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Minter v. Great Am. Ins. Co.*, 423 F.3d 460, 465 (5th Cir. 2005). Summary judgment is appropriate where the record demonstrates that there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

To survive summary judgment, a plaintiff in a discrimination case must establish a *prima facie* case of discrimination through direct evidence of discriminatory intent or the shifting-burden test of *McDonnell Douglas*. *See Reeves v. Sanderson Plumbing Prods. Inc.*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

530 U.S. 133, 141 (2000). Lee has presented no direct evidence of discrimination, so he must proceed under the shifting-burden test. A plaintiff can establish a *prima facie* case by showing that he (1) is a member of a protected class; (2) was qualified for the position; and (3) was not hired; and (4) the position was filled by someone outside the protected class, or other similarly situated persons were treated more favorably. *See, e.g., Septimus v. Univ. of Houston*, 399 F.2d 601, 609 (5th Cir. 2005).

The TDCJ has presented undisputed evidence that one qualification for the position of Correctional Officer is that the applicant not have been terminated for cause within the previous ten years. Lee has not presented any competent evidence that this requirement is a pretext.[1] He cannot establish a *prima facie* case, because he is not qualified for the position. The TDCJ is entitled to summary judgment.

### III.

Lee appeals the denial of his motion to amend his pleadings to add claims pursuant to additional legal theories. A ruling on a motion to amend pleadings is reviewed for abuse of discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Without addressing whether Lee has a statutory right to bring a discrimination claim under his other legal theories, we note that for him to bring a claim of discrimination under any theory, he will need to prove a *prima facie* case of discrimination. Because he has presented no evidence of direct discrimination, no evidence sufficient to meet the burden-shifting test under *McDonnell Douglas*, and no evidence of a disparate impact from the TDCJ's policies, Lee's claims would be legally insufficient under any theory of discrimination.[2] The district court did not abuse its discretion in denying the motion to file an amended complaint.

AFFIRMED.

---

[1] *See, e.g., Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) ("Conclusory affidavits are not sufficient to defeat a motion for summary judgment.").

[2] *Cf. Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 414-15 (5th Cir. 2003) (outlining the methods of proving a *prima facie* case of discrimination under title VII); *Reeves*, 530 U.S. at 141-42 (applying *McDonnell Douglas* framework to ADEA claim).