United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2006

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals for the Fifth Circuit

---

m 06-30651
Summary Calendar

---

ROBERT DONALD MCNEICE,

Plaintiff-Appellant,

VERSUS

GLOBALSANTAFE DRILLING COMPANY,

Defendant-Appellee,

---

Appeal from the United States District Court
for the Western District of Louisiana
m 6:04-CV-2322

---

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:[*]

Robert McNeice appeals a summary judg-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ment in favor of GlobalSantaFe Drilling Company ("GlobalSantaFe"), dismissing his discrimination claim under the Americans with Disabilities Act ("ADA"). Because McNeice is unable to show that he is a qualified individual with a disability within the meaning of the ADA, we affirm.

I.

McNeice has worked for GlobalSantaFe and its predecessor companies since 1980. In 1999, while employed as a Rig Engineer on an offshore

drilling rig,[1] he suffered a heart attack and underwent triple-bypass surgery. Three years later, he suffered further heart complications and had a pacemaker and an Implantable Cardioverter Defibrillator ("ICD")[2] installed in his chest. Three months thereafter, his doctor released him to return to work under instruction to stay at least three to four feet away from high-voltage equipment.

GlobalSantaFe conducted an investigation to determine whether McNeice would be able to return to work on the rig safely. After requesting information from the ICD's manufacturer and conducting an assessment of the levels of electromagnetic interference emitted at the worksite, GlobalSantaFe discharged McNeice. In the termination letter, it indicated it could not "be assured that the power sources would not interfere with the proper funtioning of [his] pacemaker." McNeice vigorously contests the outcome of the investigation and maintains that the company misinterpreted its own data in concluding that electromagnetic interference on the rig could interfere with his ICD.

McNeice sued, alleging that the company had failed reasonably to accommodate him and had discharged him for a perceived disability as defined in the ADA. The company successfully moved for summary judgment on the ground that McNeice was not a qualified individual under the ADA because the company did not perceive him as being disabled from a broad class of jobs.

## II.

We review a summary judgment *de novo*. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2005). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Minter v. Great Am. Ins. Co.*, 423 F.3d 460, 465 (5th Cir. 2005). Summary judgment is appropriate where the record demonstrates that there is no issue of material fact and that the moving party is entitled to judgment as a matter of law. *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

The ADA prohibits an employer from discriminating against a "qualified individual with a disability." 42 U.S.C. § 12112(a). The statute defines disability to include one who is regarded (even mistakenly) as having "a physical or mental impairment that substantially limits one or more of the major life activities of the individual." 42 U.S.C. § 12102(2). Although working is considered a major life activity, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."[3]

In *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800 (5th Cir. 1997), we considered the ADA claim of a storeroom operator in a welding shop who was demoted after his employer determined that he could no longer work as an operator because of the risk of electrical interference with his newly-installed pacemaker. The plaintiff alleged that the only job that he was limited from performing was his previous one. We concluded that because he "was substantially limited by his alleged disability from performing

---

[1] A Rig Engineer is responsible for maintaining the electrical and mechanical equipment, including high-powered electrical generators.

[2] The ICD monitors McNeice's heart and, should he have an adverse event in which the pacemaker fails to produce a reaction, delivers a shock as would an external defibrillator.

[3] 29 C.F.R. § 1630.2(j)(3)(i) (2006). "[T]o be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492 (1999).

only a single, particular job, a jury could not reasonably find that he has a substantial limitation in the major life activity of working." *Id.* at 806.

Similarly, McNeice alleges only that GlobalSantaFe regarded him as disabled from performing the job of Rig Engineer.[4] It is undisputed that the company even considered him qualified to perform the responsibilities of a Rig Engineer in an onshore environment. Because the only job GlobalSantaFe regarded McNeice as limited in performing was offshore Rig Engineer, no reasonable jury could find that the company regarded him as having a substantial limitation in the major life activity of working.

AFFIRMED.

---

[4] GlobalSantaFe employs another person with a pacemaker as barge master on the rig to which McNeice was assigned.