REVISED DECEMBER 14, 2009

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-60058

TIME INSURANCE COMPANY

Plaintiff - Appellee

v.

LARRYE J WHITE

Defendant - Third Party Plaintiff - Appellant

v.

ALBERT W SMALL

Third Party Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
Docket No. 1:08-CV-0016

Before JONES, Chief Judge, and SMITH and DeMOSS, Circuit Judges.

EDITH H. JONES, Chief Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The court has carefully considered this case in light of the briefs, oral argument, and pertinent portions of the record. Having done so, we must VACATE and REMAND for further proceedings.[**]

The district court granted judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) against Appellant White, who asserts that a health insurance policy he purchased before Hurricane Katrina in 2005 covered his later cancer treatments, including chemotherapy. Because all of White's personal papers were destroyed by the hurricane, his original copy of the policy, if he received one, was lost. He continued to make premium payments, however, and he received reimbursements from the insurance company for various medical costs he or his wife incurred. When the cancer treatment dispute arose, however, Time Insurance sought declaratory judgment, attaching a copy of the policy as Exhibit A to its complaint.

In his original answer, White admitted Time's allegation that "[e]ffective June 1, 2005, the Defendant was issued a health insurance certificate, No. 0058461251, by Fortis Insurance Company." Pretrial activity ensued, including White's counterclaim against the insurance company and third party claim against insurance agent Albert Small. A few months later, Time moved for judgment on the pleadings. White responded with affidavits from himself and Small, both of which questioned, inter alia, whether Time's Exhibit A accurately reflected the policy that Small procured and White purchased.

The district court, relying principally upon this court's decision in Martinez v. Bally's Louisiana Inc., 244 F.3d 474, 476 (5th Cir. 2001), held that White's extrinsic evidence could not counter the "judicial admission" effected by

---

[**] Judge DeMoss concurs in the result only.

White's earlier answer to the declaratory judgment petition. Accordingly, the district court held that Exhibit A was the governing policy, and its terms expressly precluded the coverage White seeks.

With due respect to the district court, its efforts to streamline this case resulted in a premature disposition. Martinez is distinguishable because plaintiff's counsel specifically prevented the defendant from deposing the plaintiff about a physical injury with the statement that she had waived all such claims. This unequivocal and intentional statement was held to be a judicial admission, foreclosing plaintiff's later attempt to furnish a contrary affidavit asserting the existence of physical injury. Martinez was decided on summary judgment and on a developed record.

In this case, by contrast, little if any discovery had occurred when Time moved for judgment on the pleadings. White contends that, because he did not have access to his original policy, he was unaware until he spoke with Small some months after Time's suit was filed that Time may have erroneously relied on the policy designated Exhibit A to its original petition. This is a plausible scenario. Moreover, under the federal rules, White could have amended his answer to make this alternative assertion, and amendments are to be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). That he did not seek to amend in response to the motion for judgment on the pleadings, and instead filed affidavits, should not, at this preliminary stage of the litigation, have been held against him. Further, when the affidavits are considered in light of the absence of the original policy and the fact that Exhibit A was not part of a verified pleading, it is plain that White did not make an explicit or intentional admission that waived his right further to contest a factual matter. Cf.

3

Martinez, 244 F.3d at 476. Our research has revealed no similar case in which a responsive pleading, bearing on the validity of a contested but lost document, was held not to permit retraction or refinement at an early, non-prejudicial stage of the litigation.

In reaching this conclusion, we do not speculate on the merits of the parties' positions, which will be developed through further discovery. The judgment of the district court is VACATED and the case REMANDED for further proceedings consistent herewith.[1]

---

[1] The district court dismissed White's Third-Party Complaint against Small. White does not appeal and alleges no error in the district court's dismissal of his claim against Small. Failure to raise an issue on appeal constitutes a waiver of that argument. United States v. Thibodeaux, 211 F.3d 910, 912 (5th Cir. 2000); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court's order as to Small thus remains undisturbed.