**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1219**

MOUNTAIN VALLEY PIPELINE, LLC,

Plaintiff - Appellee,

v.

0.15 ACRES OF LAND, OWNED BY FRANK W. HALE AND FLOSSIE I. HALE
AND ROBERT MATTHEW HAMM AND AIMEE CHASE HAMM, Roanoke
County Tax Map Parcel No. 110.00-01-56-01-0000 and Being MVP Parcel No. VA-
RO-5748,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke. Elizabeth Kay Dillon, District Judge. (7:17-cv-00492-EKD; 7:19-cv-00181-
EKD-RSB)

Submitted: October 19, 2020                          Decided: October 26, 2020

Before GREGORY, Chief Judge, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William B. Hopkins, Jr., MARTIN, HOPKINS & LEMON, PC, Roanoke, Virginia, for
Appellant. Wade W. Massie, Seth M. Land, PENN, STUART & ESKRIDGE, Abingdon,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert and Aimee Hamm ("the Hamms") appeal the district court's order granting summary judgment in favor of Mountain Valley Pipeline, LLC ("MVP") on the issue of just compensation for a temporary access easement previously condemned on the Hamms' property. On appeal, the Hamms assert that the district court erred in granting summary judgment, as a binding judicial admission in MVP's complaint, coupled with the Hamms' status as landowners competent to testify regarding the value of their property, gave rise to a genuine factual dispute sufficient to defeat summary judgment. We affirm.

"We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Fed. R. Civ. P. 71.1(a). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"[A] factual dispute is genuine only where the [non]movant's version is supported by sufficient evidence to permit a reasonable jury to find in its favor." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). "If the nonmoving party has failed to make a sufficient

2

showing on an essential element of his case with respect to which he has the burden of proof, summary judgment is appropriate." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020) (alteration and internal quotation marks omitted). Where the movant satisfies his initial burden to present evidence demonstrating the absence of a genuine issue, the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *Humphreys & Partners Architects*, 790 F.3d at 540 (internal quotation marks omitted). In so doing, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). Instead, the nonmoving party must establish that a material fact is genuinely disputed by "citing to particular parts of the materials of record, including . . . admissions." Fed. R. Civ. P. 56(c)(1)(A).

Applying these standards here, we conclude that the district court properly granted summary judgment in MVP's favor, as the Hamms failed to present any evidence to counter MVP's valuation. The Hamms point to a jurisdictional allegation in MVP's complaint, which they claim creates a binding judicial admission regarding their own valuation of just compensation. Although the allegation is a judicial admission, *see Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010); *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008), that admission merely establishes that the Hamms sought compensation in excess of the jurisdictional figure. It provides no specific valuation of the taken property. Nor does it provide any indication of the foundation for the Hamms' compensation request. Standing alone, this admission falls far short of

3

providing evidence of the value of the taken property, let alone a valuation compliant with the calculation applicable to MVP's temporary easement. *See United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 378 (4th Cir. 1995) (discussing valuation). The Hamms thus failed to present evidence to establish an element on which they bore the burden of proof. *See United States v. 69.1 Acres of Land*, 942 F.2d 290, 292 (4th Cir. 1991) (noting landowner's burden).

As a further basis for summary judgment, the Hamms identified no effective means of presenting their purported valuation to the jury. *Cf.* Fed. R. Civ. P. 56(c)(2). Even assuming that the Hamms would be competent to give lay opinion testimony regarding the value of their own property, *see Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 542 (4th Cir. 2007), they admit on appeal that their discovery omissions would preclude them from either testifying as to valuation or providing expert testimony on the issue. And, insofar as the Hamms suggest that they could present MVP's judicial admission at trial, "a judicial admission is not itself evidence." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001); *see Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995); *see also Everett v. Pitt Cnty. Bd. of Educ.*, 788 F.3d 132, 141 (4th Cir. 2015) (describing judicial admissions). In short, the Hamms' failure to provide competent evidence of just compensation justified the district court in granting summary judgment to MVP.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*