# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2021

Lyle W. Cayce
Clerk

No. 20-50646

Gregorio Amador,

*Plaintiff—Appellant*,

*versus*

Brian Wolfe, Deputy; Manuel Herrera, Deputy;
Laurence Diamond,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-683

Before Jones, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Plaintiff-Appellant Gregorio Amador brought suit under 42 U.S.C. § 1983 against three Bexar County Sheriff Deputies and Bexar County, alleging constitutional violations after a no-knock warrant was allegedly executed with excessive force. The district court granted summary judgment

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50646

on behalf of Defendants-Appellees.  On appeal, Amador focuses only on what he alleges was an unconstitutional body cavity search.  However, because he made various FED. R. CIV. P. 36 admissions that such a search did not occur, we AFFIRM the district court.

## BACKGROUND

On July 27, 2015, the Bexar County Sheriff's Office gained information from a confidential informant linking Amador to the sale of heroin.  In reliance on the confidential informant's tip, law enforcement officers drafted an affidavit and search warrant for Amador's residence.  The affidavit stated that Amador had been identified by the confidential informant, he had a criminal history, and that the informant was aware of a heroin sale within the past 48 hours conducted by Amador.  The search warrant identified Amador and directed officers to "enter immediately and search" his residence for "controlled substances," and it ordered the "arrest [of] all parties found on the premises from making their escape, where the parties are found to be in possession of . . . [heroin]."  Officers were further directed to "seize any items used in the sale, packaging, weighing or ingestion of illegal narcotics or items deemed to be contraband . . . and any monies derived from the sale of controlled substances of any property purchased from the proceeds of the sale and any narcotic ledgers."

On July 29, 2015, eight Bexar County Sheriff's deputies—Officer B. Wolfe, Officer M. Herrera, Lieutenant Goodell, Officer M. Terrazas, Officer L. Diamond, Officer T. Harrington, Officer J. Maher, and Officer R. Yanez— executed the search warrant.  The deputies entered Amador's residence and found Amador, Ashley Lasoya, and three children.  The minor children were removed from the living room and taken to their bedroom before the search started.  Deputies brought Amador and Lasoya to the living room and read the search warrant and *Miranda* rights.  During the search, deputies located

No. 20-50646

a scale, grinder, lactose, and additional materials, at the direction of Amador, and additional materials consistent with the packaging and weighing of narcotics, specifically heroin.

After locating the drug paraphernalia, the deputies observed Amador wearing two pairs of gym shorts and a pair of boxers and noticed Amador making "movement of appearing to stuff something behind him." Deputies Herrera and Wolfe took Amador to a private bedroom to search him for narcotics. The deputies retrieved 13 baggies of heroin (11.1 grams) from his person, hidden in his shorts between his buttocks. Amador was arrested, placed in a patrol car, and transported to the magistrate's office for booking.

On August 2, 2016, a Bexar County Grand Jury indicted Amador for possession of heroin and possession with the intent to deliver heroin. However, the state dismissed the criminal case against Amador for insufficient evidence on January 11, 2017.

Six months later, Amador filed his original complaint pursuant to 42 U.S.C. §§ 1983 and 1988 naming as defendants six of the deputies and the Bexar County Sheriff's Office, the Bexar County Sheriff, and Bexar County. On February 9, 2018, Amador filed his First Amended Complaint, and Defendants soon filed a Motion to Dismiss. The district court granted Defendants' motion in part and denied it in part. Specifically, the court dismissed:

> (i) Plaintiff Amador's § 1983 false arrest claim, (ii) Plaintiff Amador's § 1983 false imprisonment claim, (iii) Plaintiffs' § 1983 'federal' IIED claims, (iv) Plaintiff Amador's state law false arrest claim, (v) Plaintiff Amador's state law false imprisonment claim, (vi) Plaintiffs' state law IIED claims, (vii) Plaintiffs' bystander liability claims, and (viii) Plaintiffs' municipal-liability claims.

The district court further dismissed Defendants Goodell, Terrazas, Harrington, Maher, Yanez, Bexar County Sheriff's Office, and the Sheriff

from the suit and permitted Amador 14 days to file an amended complaint. On September 16, 2018, Amador did so, reasserting claims against Deputy Wolfe, Deputy Herrera, Deputy Diamond, and Bexar County.

About a year later, Defendant Wolfe timely served Plaintiffs with requests for admission. Amador did not respond. Most relevant, in admissions 15-19, the Defendants asked Amador to admit that a body cavity search had not occurred.

In February 2020, Defendants moved for summary judgment. Amador's opposition to Defendants' summary judgment motion filed a month later did not mention the Rule 36 admissions at all. Because Amador did not respond to the defendants' admissions, or ask the district court to withdraw them, the court deemed them admitted. The district court therefore granted summary judgment and dismissed the claims against Defendants with prejudice. Amador timely appealed; in this court he has focused only on arguing that a cavity search occurred and constituted excessive force.

## STANDARD OF REVIEW

We review the motion for summary judgment de novo, and we apply the same standard as the district court, viewing the evidence in the light most favorable to the nonmovant. *First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Courts do not disfavor summary judgment, but, rather, look upon it as an important process through which parties can obtain a "just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1986). A party asserting that there is no genuine

dispute as to any material fact must support its assertion by citing to particular parts of materials in the record. FED. R. CIV. P. 56(c)(1)(A).

## DISCUSSION

The issue before the court is whether the district court erred in granting Defendants' motions for summary judgment. Amador asserts that summary judgment should not have been granted because he had video statements suggesting a body cavity search may have occurred. These statements, however, cannot overcome the Rule 36 admissions.

Amador sealed his fate by never answering or seeking to withdraw the Defendant's requested admissions concerning the cavity search. Admissions "are conclusive as to the matters admitted [and] cannot be overcome at the summary judgement stage by contradictory affidavit testimony or other evidence in the summary judgment record." *In re Carney*, 258 F.3d 415, 419–20 (5th Cir. 2001) (noting that an appellant who failed to seek withdrawal of admissions in the district court "cannot make such a motion for the first time on appeal").

In its order granting summary judgment for Defendants, the district court made clear that it was aware of the recorded statements and recognized that Amador had presented evidence to support his contention. But the court decided that the text of Rule 36 and this court's precedent prevented it from considering evidence that contradicted the deemed admissions. "Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted." *Id.* at 420 (citing *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548–49 (5th Cir. 1985)).

No. 20-50646

Amador cites no authority to support his assertion that other statements—even if they constitute judicial admissions[1]—override Rule 36 admissions or create a fact issue that would preclude summary judgment. For our litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure. Amador did not deny the admissions. Amador complains that the district court should not have rendered summary judgment based on the default admissions, but he also never moved the court to withdraw the admissions. Similarly, Amador argues that the court should have deferred granting summary judgment because the "dueling admissions" created a factual issue, but he cites no authority in support of this argument. Accordingly, the district court did not err by following the text of Rule 36 and this court's precedent in granting summary judgment for Defendants.

## CONCLUSION

Amador's Rule 36 admissions that no body cavity search occurred are conclusive for summary judgment purposes and in this appeal. The judgment of the district court is **AFFIRMED**.

---

[1] These statements are not judicial admissions. They are at most evidentiary admissions. An evidentiary admission "is 'merely a statement of assertion or concession made for some independent purpose,' and it may be controverted or explained by the party who made it." *Mays v. Dir., Office of Workers' Comp. Programs*, 938 F.3d 637, 647 (5th Cir. 2019) (quoting *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001)). Defendants argue that the video was made for a wholly independent purpose: To document the fact that heroin had been recovered from Amador for the purpose of criminally prosecuting him. *See In re McLain*, 516 F.3d 301, 308 (5th Cir. 2008) (a "statement of assertion or concession made for some independent purpose" is not a judicial admission, but an "evidentiary admission" which "may be controverted or explained by the party" who made it). As such, Defendants correctly contend, the statements are not judicial admissions, but, at most, evidentiary, which does not serve to remove a fact from contention and which "may be controverted or explained by the party" who made it. *McLain*, 516 F.3d at 308.