# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2022

Lyle W. Cayce
Clerk

No. 21-30696

Jaylon Sewell,

*Plaintiff—Appellant*,

*versus*

Monroe City School Board,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:17-CV-1466

Before Higginbotham, Haynes, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Jaylon Sewell sued the Monroe City School Board for racial and gender discrimination in violation of Title VI and Title IX. The district court granted summary judgment, and Sewell appealed.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30696

## I.

On the first day of school at Monroe's Neville High School in 2017, Dean of Students Roosevelt Rankins asked teachers to send students with dyed hair to his office. Sewell alleges that despite students of all races having dyed hair, the only students sent to Rankins's office were African-American boys. Sewell had his hair dyed in a two-toned blonde style. He alleges that he was not allowed to attend class that day due to his hair. The next day, his mother, Bonnie Kirk, met with Monroe City School Board (MCSB) officials about the incident. He alleges that when he returned to school, he was ridiculed and harassed by Dean Rankins, who called him a "thug," a "fool," and said he "was gay with that mess in his head." Sewell also alleges that Dean Rankins discouraged other students from talking to him and encouraged a female student to lie and accuse him of sexual assault. Rankins told Sewell that he "wouldn't be getting in so much trouble if his hair were not that color." Neville High School Principal Whitney Martin recommended Sewell for expulsion. After the hearing, the board's expulsion committee voted not to expel Sewell.[1]

In November 2017, Kirk, individually and on behalf of her minor son, sued the MCSB under Title VI and Title IX of the Civil Rights Act of 1964.[2] MCSB filed a motion to dismiss, which the district court granted. Sewell appealed the dismissal; this court affirmed the dismissal of Sewell's intentional discrimination claims and retaliation claims, but reversed and remanded his harassment claims.[3] MCSB subsequently moved for summary

---

[1] For a further detailing of Sewell's allegations, *see Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581–82 (5th Cir. 2020).

[2] Sewell has since turned 18 and was substituted as Plaintiff on August 10, 2018.

[3] *Sewell*, 974 F.3d at 583–87.

No. 21-30696

judgment on Sewell's harassment claims. The district court granted summary judgment. Sewell timely appealed; we affirm.

## II.

We review a grant of summary judgment *de novo*, viewing all evidence and drawing reasonable inferences in favor of the non-moving party.[4] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "[A] factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6] We "may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court."[7]

## III.

Title VI prohibits discrimination on the basis of race in all programs receiving Federal financial assistance.[8] Title IX prohibits discrimination on the basis of sex in educational programs receiving Federal financial assistance,[9] but both "prohibit[] only intentional discrimination."[10] "To receive compensatory damages, a Title VI plaintiff must prove

---

[4] *Ratliff v. Aransas Cty., Tex.*, 948 F.3d 281, 287 (5th Cir. 2020).

[5] FED. R. CIV. P. 56(a).

[6] *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019) (internal quotation marks omitted).

[7] *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 682 (5th Cir. 2020) (citation omitted).

[8] 42 U.S.C. § 2000d.

[9] 20 U.S.C. § 1681.

[10] *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001); *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 657 (5th Cir. 1997).

No. 21-30696

discriminatory intent."[11] The district court found that Sewell did not make a prima facie case of intentional discrimination.[12] We agree.

In his deposition, Sewell testified that although he initially saw the incident calling him to the Dean's office for dyed hair as race based, he was harassed because he was defiant. Sewell stated, "I feel like it started as race as I saw it – as I see it. It started as race and then just, okay, well, he's just being defiant. So that's why I feel like it was, you know, opinion because I just didn't --- I didn't do it." When he was questioned by his own attorney about if he was harassed due to gender, Sewell stated, "No ma'am, I don't see it as gender. I was just saying a me thing because I didn't, you know, buckle under the things that he had already said verbally to everyone. I didn't buckle and conform to that." These concessions at deposition and briefing have "the effect of withdrawing a fact from contention."[13] And "admissions in the brief of the party opposing the motion may be used in determining that there is no genuine dispute as to any material fact."[14] With Sewell's admission in his brief and deposition testimony that he was not harassed due to his race or gender, no genuine issues of material fact remained.

Even if Sewell had not made these statements Sewell's claims face a second hurdle. A school district is liable under Title IX only if a school official who had actual knowledge of the harassment had the power to take action

---

[11] *Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (5th Cir. 1996).

[12] The *McDonnell Douglas* framework's applicability to Title IX claims is unsettled in this circuit. 411 U.S. 792 (1973). However, the dispute in this case focuses only on whether Sewell can make a prima facie case of intentional discrimination. *See Arceneaux v. Assumption Par. Sch. Bd.*, 733 F. App'x 175, 178–79 (5th Cir. 2018) (per curiam).

[13] *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

[14] 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2723 (4th ed. 2008).

No. 21-30696

that would end such abuse and failed to do so.[15] The district court found that the appropriate person at MCSB did not have the requisite actual notice of the discrimination. And as Sewell did not challenge this conclusion by the district court, this issue is abandoned.[16]

We AFFIRM.

---

[15] *Rosa H.*, 106 F.3d at 660.

[16] *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Additionally, we need not consider Sewell's allegations against Dr. Christella Dawson as no allegations were made against her in the complaint, first amended complaint, or second amended complaint.