# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2022

Lyle W. Cayce
Clerk

No. 21-60371
Summary Calendar

Santiago Zamora Gonzalez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A077 805 269

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Santiago Zamora Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an immigration judge's (IJ) finding him removable, 8 U.S.C. § 1227(a)(2)(C), and denying cancellation of removal, 8 U.S.C. § 1229b(a).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60371

Gonzalez was convicted in 2016 and 2019 of discharging a firearm in a municipality with a certain population size, in violation of Texas Penal Code § 42.12. A notice to appear (NTA) charged him with removability because of those two convictions.

Gonzalez admitted the allegations in the NTA, conceded removability, and applied for cancellation of removal. Based on his admissions and concession, the IJ found Gonzalez removable, denied cancellation of removal, and ordered him removed. The BIA affirmed the IJ's decision.

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Although Gonzalez asserts that the BIA erred in binding him to his concession of removability, and that the IJ failed to consider evidence as to whether his prior convictions qualified as removable offenses under § 1227(a)(2)(C) despite his concession, he does not challenge these BIA conclusions: his counsel informed him fully regarding the proceedings and pleadings he was filing; and there was no evidence he did not consent to the filings. Nor does Gonzalez raise why the BIA should have judged the reasonableness of counsel's decisions by out-of-circuit precedent in a manner out of step with the BIA's historical practice. *See Matter of Anselmo*, 20 I. & N. Dec. 25, 31–32 (B.I.A. 1989) (noting the BIA "historically follow[s] a [federal appeals] court's precedent in cases arising in that circuit"). Most importantly, Gonzalez offers no challenge to the BIA's conclusion that he

failed to adduce the evidence required by *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), to support any ineffective-assistance-of-counsel (IAC) claim.

Accordingly, Gonzalez fails to show that the evidence compels the requisite conclusion that egregious circumstances unrelated to counsel's performance released him from his concession of removability. *See Orellana-Monson*, 685 F.3d at 518. He also shows no error in the BIA's conclusion that he failed to meet the *Lozada* requirements for what constitutes an IAC claim. *See id.*; *Matter of Velasquez*, 19 I. & N. Dec. 377, 383 (B.I.A. 1986) (explaining petitioner must "proffer [] evidence to show that the admissions and the concession of deportability made on his behalf by counsel . . . were the result of unreasonable professional judgment or were so unfair that they have produced an unjust result"); *cf. Mai v. Gonzales*, 473 F.3d 162, 167 (5th Cir. 2006) (finding IAC where petitioner met the Lozado procedural requirements and showed prejudice).

Because Gonzalez was bound by his concession, his assertions that his prior convictions did not qualify as predicate offenses under § 1227(a)(2)(C) and that the IJ erred in not considering evidence and assertions on the issue are unavailing. *See Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (explaining that "[a] judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them").

Further, because Gonzalez' concession bound him, we need not consider his contention that the BIA violated his due-process rights by failing to address his challenge to the use of his prior convictions to determine removability. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining [a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

No. 21-60371

Our court lacks jurisdiction to review the BIA's denial of the discretionary relief of cancellation of removal based on the agency's balancing of the equities, contrary to Gonzalez' contentions. *Trejo v. Garland*, 3 F.4th 760, 772–74 (5th Cir. 2021) (explaining our court lacks jurisdiction to review denial of discretionary relief).

DISMISSED in part; DENIED in part.